MILDRED A. O'CONNOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 5792.   Promulgated February 28, 1946.

*J. Stanley Halperin, Esq.*, for the petitioner.
*Thomas R. Charshee, Esq.*, for the respondent.

OPINION.

LEECH, *Judge*: Petitioner contends she is entitled to the claimed deduction either as an ordinary and necessary expense in carrying on a trade or business, or as a nontrade or nonbusiness expense incurred for the production or collection of income.[1]   Petitioner concedes that

---
[1] Sec. 23 (a) (1) (A) and (a) (2), I. R. C., as amended by sec. 121 of the Revenue Act of 1942, made applicable to tax years beginning after December 31, 1938.

the case of *Henry C. Smith*, 40 B. T. A. 1038; affd., 113 Fed. (2d) 114, without opinion, which respondent relies upon, is analogous. Petitioner argues we should reconsider the *Smith* case in the light of *Bingham Trust* v. *Commissioner*, 325 U. S. 365.

In the *Smith* case, both petitioners, husband and wife, made expenditures for the same purposes as those here. These expenditures there enabled petitioners to both engage in gainful employment. Despite that fact, we held that the disputed expenses were "personal" and not "business" expenses. Their deduction was accordingly denied under the explicit provisions of section 24 (a) (1) of the Internal Revenue Code. Then in *Ralph D. Hubbart*, 4 T. C. 121, involving a contested deduction of automobile traveling expenses, including the taxpayer's own travel between home and office, evening social use, and his wife's trips in the daytime, under the same statutory provision controlling here (see footnote 1), we said:

\* \* \* Personal expenses are not deductible, even though somewhat related to one's occupation or the production of income. See *Henry C. Smith*, 40 B. T. A. 1038; affd. (C. C. A., 2d Cir.), 113 Fed. (2d) 114. And the prohibition of deductions for personal expenses remains unaltered. Sec. 24 (a) (1).

There is no suggestion here that petitioner's occupation was not his "trade or business," and hence the scope of the 1942 amendment does not extend to his situation at all. \* \* \*

That is the present situation. In fact, it seems clear that petitioner's "trade or business" was that of teaching school.

Since the disputed deduction at bar was a "personal" expense, therefore it is not deductible. Sec. 24 (a) (1), I. R. C. The case of *Bingham Trust* v. *Commissioner*, *supra*, of course, did not affect the prohibition in that section.

*Decision will be entered for the respondent.*