Esther E. Ranstead v. Commissioner.
Ranstead v. Commissioner
Docket No. 21316.
United States Tax Court
1951 Tax Ct. Memo LEXIS 331; 10 T.C.M. (CCH) 117; T.C.M. (RIA) 51033; January 31, 1951
*331 Petitioner, incapacitated physically to such extent as not to be able to use public transportation, is held not entitled to the deduction of expenses of travel by automobile from her home to her office, either under section 23 (a) (1) (A) or section 23 (a) (2) of the Internal Revenue Code. James E. Seller, Esq., for the petitioner. Ralph W. Harbert, Esq., for the respondent. LEECH
Memorandum Opinion LEECH, Judge: Respondent has determined deficiencies for the years 1944, 1945 and 1946 in the respective amounts of $39.84, $39.85 and $43. These deficiencies arise through respondent's disallowance of deductions taken by petitioner on her return for each of the years involved as her cost of automobile transportation between her home and her place of employment during those years. The facts are stipulated and are so found. [The Facts] The petitioner is an individual residing at Indianapolis, Indiana, and her returns for the periods here involved were filed with the collector of internal revenue for the district of Indiana, at Indianapolis, Indiana. Petitioner claimed deductions on her income tax returns for each of the years 1944, 1945 and 1946 for automobile expenses allegedly incurred in going to and from her work during those years, in the amounts of $165, $165, and $253, respectively. Petitioner suffered, some years past, an attack of polio, as a result of which she is greatly restricted in the use of her left leg, and is unable to use *333 street cars or buses in going to and from work. [Opinion] Petitioner contends that because of this physical condition the amounts expended by her for automobile transportation from her home to her office are allowable under section 23 (a) (1) (A) or section 23 (a) (2), Internal Revenue Code, as traveling expenses in connection with trade or business, or as nonbusiness expenses incurred in the production of income. Respondent, by his Regulations 111, holds that commuters' fares are not allowable either as traveling expenses under section 23 (a) (1) (A), supra (section 29.23 (a)-2), or as nonbusiness expenses under section 23 (a) (2) (section 29.23 (a)-15). The facts basing the present controversy are quite similar to those in John C. Bruton, 9 T.C. 882. There the petitioner, a lawyer, as a result of a partial paralysis, in order to carry on his law practice traveled each day by taxicab between his residence and his law office. In denying the deduction under section 23 (a) (1) (A), supra, for the expenses so incurred, this Court said: "The deductions here claimed must be denied if they do not come strictly within the provisions of section *334 23 (a) (1) (A) of the code. By the language of that section, to be deductible, the expenses must be paid or incurred during the taxable year in carrying on the trade or business. Commuters' fares by the regulation quoted are not business expenses. No exception of any kind is made on account of the physical condition of the taxpayer either by statute or by the regulations interpreting the statute." In Ralph D. Hubbart, 4 T.C. 121, we denied the taxpayer the deduction of the cost of transportation from home to business, as not allowable under either section 23 (a) (1) (A) or section 23 (a) (2), supra. In that case, with respect to the applicability of section 23 (a) (2), supra, we said: "Nor can we agree that section 23 (a) (2) of the Internal Revenue Code (Revenue Act of 1942, sec. 121), permitting the deduction of expenses incurred for the production of income, has the effect of limiting the principle that the cost of transportation from home to business is nondeductible. That is a personal expense. E. C. O'Rear, supra [80 Fed. (2d) 473, aff'g 28 B.T.A. 698, CCH]. Personal expenses are not deductible, even though somewhat related *335 to one's occupation or the production of income. See Henry C. Smith, 40 B.T.A. 1038; affd. (C.C.A., 2d Cir.), 113 Fed. (2d) 114. And the prohibition of deductions for personal expenses remains unaltered. Sec. 24 (a) (1). "There is no suggestion here that petitioner's occupation was not his 'trade or business.' and hence the scope of the 1942 amendment does not extend to his situation at all. 'A deduction under this section is subject, except for the requirement of being incurred in connection with a trade or business, to all the restrictions and limitations that apply in the case of the deduction under section 23 (a) (1) (A) of an expense paid or incurred in carrying on any trade or business.' Report of Senate Finance Committee, S. Rept. No. 1631, 77th Cong., 2d sess., 1942-2 C.B. 504, 571. We think this contention by petitioner, if it be such, must be rejected." The contested expenses here were not necessary to any business activity carried on by petitioner, nor were they incident to or necessary to her activities in producing income. They were expenses incurred only because of and necessary in her physical condition. Such expenses are personal *336 in character. Cf. Commissioner v. Flowers, 326 U.S. 465; rehearing denied, 326 U.S. 812. Respondent is sustained in his disallowance of the deductions here in question. Decision will be entered for the respondent.