Katherine K. Thurston v. Commissioner.
Katherine K. Thurston v. Commissioner
Docket No. 27130.
United States Tax Court
1951 Tax Ct. Memo LEXIS 111; 10 T.C.M. (CCH) 809; T.C.M. (RIA) 51249; August 31, 1951
Granville S. Borden, Esq., 225 Bush St., San Francisco, Calif., for the petitioner. Robert G. Harless, Esq., for the respondent. TURNER Memorandum Opinion TURNER, Judge: The respondent determined a deficiency in income tax against the petitioner for the calendar year 1947 of $67.97. The question presented is whether expenditures made by the petitioner for the care of her two infant children, during the time she was on duty in her nursing profession, are deductible as ordinary and necessary business expenses. The facts have *112 been stipulated, and are found as stipulated. [The Facts] The petitioner is a resident of East Stroudsburg, Pennsylvania. She filed her income tax return for the taxable year 1947 with the Collector for the first district of California, at which time she resided in Berkeley, California. During 1947 the petitioner was divorced from her husband, and was the mother of two children, Susan Thurston, age 4, and Michael Thurston, age 2, both of whom lived with the petitioner. The petitioner is and was a registered nurse and holds certificates to practice her profession in the states of California and Pennsylvania. During the taxable year the petitioner did not derive any income from property and her only source of taxable income came to her from the practice of her profession at hospitals in Berkeley, California, and with several private patients. She had no capital assets and she had no friends or relatives to whom she could look for aid or support. During the year 1947 the petitioner paid a woman $375 to care for her minor children while she was engaged in the practice of her profession, and an additional amount of $375 was paid to support the caretaker in the course of her duties. *113 In reporting her income for 1947, the petitioner attached to her return the following statement: "The taxpayer is a registered trained nurse who is divorced from James L. Thurston. Since August 1, 1947 to the end of the year she practiced her profession and through employment of a caretaker for her children, she practiced her profession and derived an income of $973.00. During the five months she paid the
caretaker
$375.00
Expenses for uniforms, carfare, etc.,
which are ordinary and necessary ex-
penses in connection with the earn-
ing of her income in the amount of
115.25
Room and board for the housekeeper
and caretaker of her children and
home which cost a minimum of
375.00
Total
$865.25
"On this basis, with the $500.00 exemption there is no tax liability. "Taxpayer procured divorce from James L. Thurston pursuant to a final decree which required him to pay to the taxpayer $250.00 monthly. The decree specifically provides that $200 of each $250.00 payment is for the care and support of the two minor children. During the year 1947 James L. Thurston failed to pay the $50.00 to the taxpayer with the $250. which is the portion due to the taxpayer. *114 He merely provided funds for the care and maintenance of the children. "Under the provisions of Section 22 (k) of the Internal Revenue Code the amounts which the taxpayer received in 1947 from her former husband are not taxable income and consequently have been excluded in this return. "Upon receipt of any portions of the amount which is due the taxpayer under the decree other than amounts paid to support and maintain the children will be reported as taxable income." In his determination of the deficiency herein, the respondent disallowed the deduction of the two $375 items above described. [Opinion] Aside from the legal question whether expenditures, if incurred and paid under the circumstances set forth herein by a mother from her own funds, would constitute ordinary care and necessary expenses, deductible under section 23 (a) of the Internal Revenue Code, [1] or personal expenses, the deduction of which is barred by section 24 (a) (1) of the Code, the facts here show that the expenditures were made in the care and maintenance of the petitioner's children, for which the petitioner received monthly payments from her former husband, *115 the father of the children. The facts do not show that the petitioner was not fully compensated and reimbursed for the said payments from the monthly payments received by her from her former husband for the care and maintenance of the children. We are accordingly unable to find, even though the disbursements to the caretaker were actually made by the petitioner, that they were in fact her expenses. Decision will be entered for the respondent. Footnotes
1. See Mildred A. O'Connor, 6 T.C. 323; and Henry C. Smith, 40 B.T.A. 1038, affd., per curiam (C.A. 2), 113 Fed. (2d) 114↩.