Kenneth S. King v. Commissioner.
King v. Commissioner
Docket No. 82561.
United States Tax Court
T.C. Memo 1960-273; 1960 Tax Ct. Memo LEXIS 16; 19 T.C.M. (CCH) 1519; T.C.M. (RIA) 60273; December 22, 1960
*16 Petitioner's wife deserted him and their infant daughter in 1956. Petitioner was granted a divorce a vinculo matrimonii in 1959. During the taxable year 1957 petitioner paid two nursing homes a total of $600 to care for the infant while petitioner was gainfully employed. Held, the amount so paid is not deductible as an expense for the production of income under section 212(1), I.R.C. 1954, for the reason that it constituted a "personal, living, or family" expense which is specifically not deductible under section 262, I.R.C. 1954. W. Carroll Parks, Esq., 618 N. Calvert St., Baltimore, Md., for the petitioner. William L. Kinzer, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion ARUNDELL, Judge: Respondent determined a deficiency in income tax for the taxable year ended December 31, 1957, in the amount of $117.30. The only issue is whether the respondent erroneously disallowed a deduction of $600 claimed by petitioner on his return for the year 1957 as having been paid to two nursing homes during the year for taking care of his infant daughter while he was gainfully employed, petitioner's wife having deserted him and their daughter in 1956, and petitioner not having obtained a divorce until 1959. Findings of Fact
*18 The stipulated facts are so found and are incorporated herein by this reference. Petitioner is an individual with residence in Baltimore, Maryland. He duly filed a Federal income tax return for the taxable year ended December 31, 1957, with the director of internal revenue for the district of Maryland. Petitioner and Margaret R. King were married on June 1, 1951. A daughter, Christine Elise King, was born of this marriage on May 30, 1952. On or about August 28, 1956, petitioner's wife deserted him and took Christine with her. A short time later petitioner received a notice from where the child was staying that her mother had not been to see her for several weeks; that she was delinquent in payments for the child; and for petitioner to come and take the child with him. In October 1956, petitioner went after his daughter and has kept her in his care and custody since that time. On January 4, 1957, petitioner filed a bill of complaint for a divorce a mensa et thoro in the Circuit Court of Baltimore City. At the request of petitioner, that case was dismissed without prejudice on September 24, 1958. On September 24, 1958, petitioner filed a bill of complaint for a divorce a vinculo *19 matrimonii in the Circuit Court of Baltimore City, and a decree of divorce was issued by the court on March 5, 1959, whereby petitioner was divorced a vinculo matrimonii from Margaret R. King and was given the guardianship and custody of Christine. During the year 1957, petitioner and his daughter lived with an aunt and uncle of petitioner's, both of whom were employed. Petitioner has been employed as a cable splicer with a telephone company since about 1948. During the year 1957, petitioner paid the sum of $600 to two nurseries for the daytime care of Christine. Petitioner went after Christine in the evening when he returned from work and took her back to the nursery in the morning, except for the weekends when Christine remained with her father. On his return for the year 1957, petitioner deducted the sum of $600 paid to the nurseries, under the heading on page 2 of his return, "Other Deductions (Including child care * * *)." The respondent disallowed the deduction and determined the deficiency. Opinion The respondent contends that the amounts paid to the two nurseries, totaling $600, are a "personal, living, or family" expense not deductible under section 262, I.R.C. *20 1954. [1]
Petitioner concedes that for the year 1957 the amount is not deductible under section 214, I.R.C. 1954, [2] for the reason that for the year 1957 he was not "legally separated from his spouse under a decree of divorce * * *." That did not occur until 1959. Petitioner contends, however, that the sum of $600 is deductible under section 212(1), I.R.C. *21 1954. [3]
In Henry C. Smith, 40 B.T.A. 1038, affirmed per curiam 113 F. 2d 114 (C.A. 2, 1940), we held that the cost of hiring nursemaids to care for an infant child of a couple, both of whom were employed, was not deductible as an ordinary business expense of the wife. In Mildred A. O'Connor, 6 T.C. 323, we held that the cost of hiring a nursemaid to care for the infant children of a working couple was not deductible as an ordinary and necessary expense of carrying on a trade or business, or as a nontrade or nonbusiness expense incurred for the production or collection of income under section 23(a), I.R.C. 1939, as amended. In both of the above-mentioned cases we further held that the expenses there involved were "personal, living, or family" expenses, and were specifically not deductible under section 24(a)(1) of the Revenue Act of 1936 in the Smith case, and under section 24(a)(1) of *22 the 1939 Code in the O'Connor case. Petitioner contends that the facts in the instant case are distinguishable from the facts in the two above-mentioned cases in that in those cases both parents were employed, whereas in the instant case the wife had deserted her husband and her child. We fail to see wherein this factual difference would make any difference in the principle involved. We hold that the $600 paid to the nurseries constitutes a "personal, living, or family" expense, and is specifically not deductible under section 262, supra. Decision will be entered for the respondent. Footnotes
1. SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.↩
2. SEC. 214. EXPENSES FOR CARE OF CERTAIN DEPENDENTS. (a) General Rule. - There shall be allowed as a deduction expenses paid during the taxable year by a taxpayer who is a woman or a widower for the care of one or more dependents (as defined in subsection (c)(1)), but only if such care is for the purpose of enabling the taxpayer to be gainfully employed. * * *
(c) Definitions. - For purposes of this section - * * *
(2) Widower. - The term "widower" includes an unmarried individual who is legally separated from his spouse under a decree of divorce or of separate maintenance.↩
3. SEC. 212. EXPENSES FOR PRODUCTION OF INCOME. In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year - (1) for the production or collection of income;↩