James A. and Isabelle Carroll, Petitioners *v.* Commissioner of
Internal Revenue, Respondent

Docket No. 3722–66.    Filed October 31, 1968.

James A. Carroll, pro se.
*Sheldon S. Rosenfeld*, for the respondent.

Simpson, *Judge:* Respondent determined a deficiency in petitioners'
1964 income tax in the amount of $207.17. The issue for decision in this
case is whether the petitioner, James A. Carroll, is entitled to deduct
certain educational expenses.

### FINDINGS OF FACT

Some of the facts have been stipulated, and those facts are so found.

Petitioners, James A. and Isabelle Carroll, are husband and wife,
who resided in Chicago, Ill., at the time the petition was filed in this
case. They filed their 1964 joint Federal income tax return, using the
cash receipts and disbursements method of accounting, with the dis-
trict director of internal revenue in Chicago. Mr. Carroll will be re-
ferred to as the petitioner.

In their 1964 return, it is reported Mr. Carroll is a policeman and his
wife is a secretary. One of the itemized deductions on the return is the
petitioner's educational expense of $720.89, which is explained on an
attachment to the return as:

### EDUCATION EXPENSE

Expense relative to improving job skills to maintain my position as a detective
which is not a civil service rank and subject to monthly review to ascertain if
performance is up to standards set forth by the Superintendent of police before
a U.S. Senate Commitee [sic] relative to police ability to cope with Organized
Crime.

The petitioner commenced employment with the Chicago Police De-
partment in 1957, and during the year 1964, he was employed as a de-
tective. The petitioner left the Chicago Police Department during the
year 1966.

In December 1962, the petitioner applied for admission to De Paul
University, stating in his application that he wished to prepare for the
profession of law. In 1963, he became an enrolled student in the major
field of philosophy, and the courses he took were in accord with the
prerequisites set forth by the university for entrance to law school. In

September 1966, the petitioner entered De Paul University College of Law.

During the year 1964, the petitioner paid De Paul University $720.89. During that year, he was enrolled in the courses set forth below:

| Department | Course |
|---|---|
| English | Introduction to the Plays of Shakespeare. |
| History | Making of Modern America Since 1865. |
| Philosophy | Philosophy of Science. |
| English | English Literature, 1660–1800. |
| Philosophy | History of Modern Philosophy. |
| Political Science | American Government. |

The Chicago Police Department did not have in effect during the year 1964 an order requiring policemen to attend college as a condition to the retention of the employee's salary, status, or employment. However, the department did have in effect an order that encouraged policemen to attend colleges and universities, which provided in pertinent part:

5 JULY 1963

DEPARTMENT GENERAL ORDER NO. 63–24

Subject: Extra-departmental education

I PURPOSE

To encourage members of the department to further their extra-departmental education.

II DEFINITION

Extra-departmental education, for the purpose of this order, is defined as enrollment in a recognized academic institution which will increase the member's value to the Department.

III EXEMPTION POLICY

A. Unit commanders will exempt members of their command who enroll in junior college, college or university courses from the normal shift rotation schedule in such a manner as not to interfere with either effective police operations or class attendance. A permanent watch assignment will be made when possible; otherwise the member will rotate between watches which do not conflict with the class schedule.

\* \* \* \* \* \* \*

IV REQUEST PROCEDURE

A. Members may request the exemption described in paragraph III, A., by submitting a request to their commanding officer containing the following specific information:

1. Name, employee number, star number and assignment.

2. Name of school in which the member is enrolled or from which he has received formal notification of acceptance.

3. A copy of the class schedule showing all pertinent dates, times, course names and number of credits to be earned.

4. Number of credits already completed and the degree or certificate sought.

B. A request will be denied when it is based on a course of study that will not increase the member's value to the department.

\* \* \* \* \* \* \*

Distribution: All personnel
  I have read and understand the above order.
Signature: (s)   JAMES A. CARROLL                    Date: 16 JULY 63

At the time the petitioner enrolled in De Paul University, he submitted the proper written request and reports to his commanding officer, and he received the benefit of the exemption policy during all of 1964 while he was attending the university.

OPINION

The issue presented is whether the petitioner's educational expenses may be deducted as a business expense under section 162(a) of the Internal Revenue Code of 1954[1] or whether the education was personal so that a deduction for the expenses is denied by section 262.

There are many expenses which are helpful, even essential, to one's business activities, but which are not deductible in our tax system. Commuting to one's place of employment is certainly helpful to the performance of one's work, but the commuting costs are not deductible. *John C. Bruton,* 9 T.C. 882 (1947). One's clothes are also essential if he is to work in society, but their cost is not deductible, unless the clothing is not suitable for personal use. *Betsy Lusk Yeomans,* 30 T.C. 757 (1958). The charges of a babysitter who is employed so that the mother may work outside the home are not deductible as a business expense. *Mildred A. O'Connor,* 6 T.C. 323 (1946). In rejecting the argument that all expenses essential to one's employment are deductible, this Court has said:

This thought evokes an array of interesting possibilities. The fee to the doctor, but for whose healing service the earner of the family income could not leave his sickbed;[1] the cost of the laborer's raiment, for how can the world proceed about its business unclothed; the very home which gives us shelter and rest and the food which provides energy, might all by an extension of the same proposition be construed as necessary to the operation of business and to the creation of income. Yet these are the very essence of those "personal" expenses the deductibility of which is expressly denied. * * * [Footnote omitted. *Henry C. Smith,* 40 B.T.A. 1038 (1939), affirmed per curiam 113 F. 2d 114 (C.A. 2, 1940).]

Hence, the fact that the petitioner's education is helpful to him in the performance of his employment does not establish that its cost is deductible as a business expense.

This Court has considered whether the cost of an elementary education is deductible and held that it is not. *Ronald D. Kroll,* 49 T.C. 557 (1968). In that case, a child actor attended a private school because its educational program was more adaptable to his working schedule. It was argued that the cost of attending the private school was a de-

---

[1] All statutory references are to the Internal Revenue Code of 1954.

ductible expense because it would not have been incurred but for his acting career. However, it was held that such expense was not deductible because he secured a general education, the cost of which is personal and not a deductible business expense.

A general college education, such as that undertaken by the petitioner, may not be as clearly a personal expense as an elementary education, but it seems to us that both are essentially the same type of expense. Millions of people must secure a general college education before they commence their life's employment, and it is generally accepted that obtaining such education is a personal responsibility in preparing for one's career. Should the result be any different for the man who goes to college after commencing work? Though his perseverance is to be admired, we do not believe that he should receive tax deductions not available to those who complete their general college preparation before beginning their career. Furthermore, a general college education has more than economic utility. It broadens one's understanding and increases his appreciation of his social and cultural environment.

Education is a companion which no misfortune can depress, no crime can destroy, no enemy can alienate, no despotism can enslave. At home a friend, abroad an introduction, in solitude a solace, and in society an ornament. It chastens vice, it guides virtue, it gives, at once, grace and government to genius. Without it, what is man? A splendid slave, a reasoning savage. [Joseph Addison, The Spectator, (Nov. 6, 1711).]

For these reasons, we conclude that section 262 applies to the petitioner's expenses of obtaining a general college education. Although such an education may have been helpful in his employment, securing it was a personal responsibility, and it provided extensive personal rewards.

In addition, we believe that when the petitioner's educational expenses are examined in the light of section 162 and the regulations thereunder, they do not qualify for deduction under that section. The regulations in effect in 1964 were issued in 1958. Such regulations provide in part:

Sec. 1.162-5 Expenses for education.—(a) Expenditures made by a taxpayer for his education are deductible if they are for education * * * undertaken primarily for the purpose of:

(1) Maintaining or improving skills required by the taxpayer in his employment * * *

* * * * * * *

If it is customary for other established members of the taxpayer's trade or business to undertake such education, the taxpayer will ordinarily be considered to have undertaken this education for the purposes described in subparagraph (1) of this paragraph. * * *

(b) Expenditures made by a taxpayer for his education are not deductible if they are for education undertaken primarily for the purpose of obtaining

a new position or substantial advancement in position, or primarily for the purpose of fulfilling the general educational aspirations or other personal purposes of the taxpayer.[2]

The petitioner has the burden of proving that the education was undertaken with the primary purpose of maintaining or improving job skills. Rule 32, Tax Court Rules of Practice. Whether it was undertaken for such purpose is a factual question. *Cosimo A. Carlucci*, 37 T.C. 695, 700 (1962). We do not believe that the petitioner has satisfied his burden.

The petitioner contends that his education was undertaken for the primary purpose of maintaining or improving his skills as a policeman. In support of his contention, he relies upon Department General Order No. 63–24 and the testimony of other policemen.

The petitioner relies upon the department order to establish that his education did increase his value to the police department. He points out that the purpose of the order is to encourage members of the police force to secure additional education; that to receive the benefits of the order, the education must increase the policeman's value to the department; that he complied with the provisions of the order and that in accordance with the order, his assignments were arranged so that he could attend classes. He reasons that since his superiors granted him the benefits of the order, they must have found that his education did increase his value to the department. As further support for this reasoning, the petitioner's witnesses testified that in the past, the police department paid the costs of members who wished to attend college and that education was beneficial to a policeman in the conduct of his duties.

On the other hand, there is evidence contradicting the petitioner's stated purpose. In his application for admission to De Paul University in December 1962, he stated that he was preparing for the profession of law. Thereafter, he acted consistently with that declaration of purpose. His courses fulfilled the prerequisites for entry into law school. In 1966, the petitioner left his position with the Chicago Police Department and entered De Paul University College of Law. Thus, both prior and subsequent to 1964, the petitioner acted in a manner inconsistent with his position that the primary purpose of his educational expenses was to maintain or improve job skills. We recognize that a person may change his mind from time to time, but these inconsistent statements and facts cast doubt upon his contention in this case.

---

[2] The Chicago Police Department did not have in effect during the year 1964 an order requiring policemen to attend college as a condition to the retention of salary, status, or employment. Thus, no issue is raised under sec. 1.162–5(a)(2), relating to education undertaken to satisfy such requirements.

In addition, we find that the evidence offered by the petitioner fails to establish that his primary purpose was to maintain or improve his skills as a policeman. Since the testimony as to the number of policemen who attended college related to the period before 1964, it falls short of establishing that in 1964 there was a custom for policemen to attend college. The evidence also fails to establish that a general college education was considered by the police department as being of sufficient benefit to members so that it would bear the costs, since the testimony does not disclose what policemen attended school at City expense and what was the relationship between their education and their work. That some policemen may have taken courses directly and substantially related to their work, and the City may have paid the costs of such courses, does not help the petitioner in this case.

A further bar to the petitioner's deduction of his educational expenses lies in the requirement that before expenses will be considered ordinary and necessary under section 162, it must be established that they bear a proximate and direct relationship to the taxpayer's trade or business. *Kornhauser* v. *United States*, 276 U.S. 145, 153 (1928); *Robert Lee Henry*, 36 T.C. 879, 884 (1961); Rev. Rul. 61–133, 1961–2 C.B. 35, 36. Neither the petitioner's major field of philosophy nor the specific courses taken by him in 1964 indicates the sort of proximate relationship required for deduction. The regulations allow a deduction for education that maintains or improves *skills*, but what we have in this case is an education designed to increase the petitioner's general understanding and competency. Clearly, there is only a remote relationship between the study of Shakespeare's plays and the petitioner's work as a policeman. If we look at his ultimate goal, rather than at particular courses, there is still lacking the direct and substantial relationship to his skills that justifies a business deduction.[3] What he will secure as a result of his general college education will be of great value to him, socially, aesthetically, and otherwise. No doubt, it will help him be a better policeman. However, we think that for a business deduction to be allowed, there must be a showing of a more direct and substantial relationship to his skills in his employment. Although in *Cosimo A. Carlucci*, *supra*, we allowed a deduction for educational expenses that were "appropriate and helpful" in the taxpayer's employment, the relationship between education and employment was much closer in that case—an industrial psychologist taking additional courses in psychology. That case does not allow a deduction for education which is as tenuously related to job skills as was the petitioner's.

---

[3] Some courses may have a closer relationship than others to the petitioner's work. However, no issue has been raised claiming a deduction for only some of the courses, and the petitioner has furnished us no evidence establishing a closer relationship between his work and any of them.

In 1967, the respondent revised section 1.162–5. The new regulations are effective for taxable years beginning on or after January 1, 1968, but for prior years, taxpayer may rely on either the 1958 or 1967 regulations. Rev. Rul. 68–191, I.R.B. 1968–17, 5. The petitioner has not indicated whether he relies on the 1967 regulations. However, since he lacked legal counsel, we have considered whether he is entitled to deduct his educational expenses under the 1967 regulations.

The 1967 regulations provide that expenses for education are generally deductible when such education maintains or improves skills required in employment. Sec. 1.162–5(a)(1). By their terms, they do not require the taxpayer to establish his primary purpose in undertaking the education. However, in our opinion, the new regulations do not allow a deduction for educational expenses when the education is inherently personal and not proximate to the job activities of the taxpayer. Having previously discussed these issues and found that the education undertaken by the petitioner was of an inherently personal nature and only tenuously related to his employment, we find that the 1967 regulations do not allow the deduction claimed by the petitioner.

For these reasons, we hold that the petitioner's educational expenses are not deductible because they are personal within the meaning of section 262 and do not meet the ordinary and necessary test of section 162. The interpretation of these provisions of the law should not be influenced by the desire of all of us to have the police better trained and better prepared to cope with the variety of problems confronting them. That objective should not influence the interpretation of a provision of the tax law. How such objective can best be accomplished should be decided by others, who can better tailor the means to the end. Accordingly,

*Decision will be entered for the respondent.*

Reviewed by the Court.

---

TANNENWALD, *J.*, concurring: I merely wish to emphasize the critical distinction which has to be made in this case between our views of the needs of our society and the application of a statutory provision of the tax law. Unquestionably, the role of the police officer has assumed transcendent importance and it may well be highly desirable to utilize tax incentives to improve his general ability to discharge that role. But it does not follow that such a requirement of our society should be imported into the tax laws by the courts independent of action by the legislature.

Respondent's 1958 regulations (in effect in 1964), as distinguished from those adopted in 1967, emphasized the purpose for which the education was undertaken. From this, my dissenting colleagues con-

clude that the taxpayer's subjective intent is the exclusive determinant. If that were true, I would be inclined to agree that the deduction herein should be allowed. See dissenting opinions in *Ramon M. Greenberg*, 45 T.C. 480 (1966), revd. 367 F. 2d 663 (C.A. 1, 1966). But I think that respondent's 1958 regulations require a reasonable nexus between the courses taken and the skills to be improved, as well as the need for the stated purpose on the taxpayer's part, in order to justify a deduction. *Greenberg* does not hold otherwise; in that case the relationship between training in psychoanalysis and the practice of psychiatry was clear and consequently the Court of Appeals view subjective intent as the "central" consideration. See 367 F. 2d at 665.

Generally speaking I suppose it can be said that there is a relationship between the employment skills of police officers (or, for that matter, most employees) and the level of their education. The mere existence of some such relationship does, however, not compel the conclusion that the education is "appropriate and helpful" within the meaning of that phrase as announced in *Cosimo A. Carlucci*, 37 T.C. 695, 699 (1962). It seems to me that "improvement of skills" implies more than an increase in the level of general competence. Conceivably in some situations a general college education may well produce an "improvement in skills" but, in this case, I think the necessary reasonable nexus is lacking.

We should not overlook the fact that we are dealing with a broad statute, providing for the deduction of ordinary and necessary business expenses, and not a specific provision reflecting legislative policy in the area of educational expenses. This is particularly the case in light of the specific provision denying a deduction for personal expenses. Sec. 262. It is not without significance that Congress has entered the educational arena but only in the limited area of scholarships and fellowships. Sec. 117.

Moreover, if a general increase in value to the police department were to be equated with "improvement of skills," as petitioner contends, the recipients of such a "subsidy" might well be the eager rather than the deserving—i.e., those who simply want to secure further education without regard to the degree of benefit to the police department as distinguished from those who had demonstrated the most merit, who would be likely to benefit the most from further education or would most likely remain with the department. The tailoring of the subsidy to desired objectives is properly the function of the legislature, not the judiciary. In short, if increased erudition is to be considered an "improvement of skills" and allowed as a deductible expense to police officers or others, I think Congress should provide the foundation for such encouragement to social and political progress. Cf. *Elmer L.*

*Reese, Jr.*, 45 T.C. 407 (1966), affirmed per curiam 373 F. 2d 742 (C.A. 4, 1967).

FEATHERSTON, *J.*, agrees with this concurring opinion.

---

FAY, *J.*, dissenting: I agree with the views Judge Mulroney expresses in his dissenting opinion.

This case does not involve the validity of a rule or regulation promulgated by the Commissioner. Nor does it involve broad questions of policy. The issue in the case is whether petitioner is entitled under the 1958 or the 1967 [1] version of section 1.162–5, Income Tax Regs., to deduct his educational expenses. The issue with respect to the 1958 regulation turns on the factual question whether petitioner's primary purpose in undertaking the education was to maintain or improve skills required by him in his employment. The question with respect to the 1967 regulation is the same, except that petitioner's primary purpose is not germane. Judge Mulroney, the trier of fact, is the most competent among us to decide these questions. He had the advantage of observing live evidence. We see only a cold record. On the factual questions to be decided, we should not override him.

I would accept Judge Mulroney's judgment that petitioner has met his burden of proving that his educational expenses are deductible under the Commissioner's regulations.

---

HOYT, *J.*, dissenting: While I agree with the views of Judges Mulroney and Fay, as expressed in their dissents, I would add additionally that the majority opinion appears to me to ignore the plain mandate of the 1967 revised regulations, section 1.162–5, which were treated by the parties as applicable.

Respondent's brief sets forth in its index only the 1958 version of the regulations in which the taxpaper's primary purpose for undertaking the education is the determining test to be applied; the brief itself however states that the question presented is whether the courses taken by Carroll during 1964 "maintained or improved skills required by him in his employment as a police officer." He then sets forth the argument, as follows:

> Petitioners have failed to establish that the undergraduate courses undertaken by petitioner, James A. Carroll, during the year 1964 maintained or improved skills required by him in his employment as a police officer.

Petitioner's brief likewise speaks only in terms of the maintenance or improvement of job skills and not in terms of *primary purpose* for the educational effort; this is recognized by respondent in his reply brief.

---

[1] See Rev. Rul. 68–191, 1968–1 C.B. 67.

In this posture I would treat the case as one submitted, and properly so, as a burden of proof case under section 162 as interpreted by the more liberal view of the 1967 regulations. Respondent has ruled that the later regulations may be applied to open years prior to 1968 if relied upon by the taxpayer. Rev. Rul. 68–191. I would conclude that petitioner here is relying upon the 1967 version of the regulations and that certainly he has met his burden of proof that the educational expenditures made by him in 1964 were for education which improved the skills required by him in his employment as a police officer. Such employment skills are to me as obviously improved by the study of history, philosophy, English, and political science as they would be by marksmanship, muscular exercise, or other physical fitness courses which come readily to mind as perhaps considered usual for law enforcement officers. Certainly the Chicago Police Department put its stamp of approval on petitioner's course of study and recognized, as I conclude we should also, that the education undertaken increased Carroll's "value to the Department." To me, this is synonymous with saying that his skills as a policeman were increased and thus improved.

The majority opinion, while giving lipservice to the revised 1967 regulations and petitioner's privilege to rely thereon under Rev. Rul. 68–191, then proceeds to ignore the regulatory provision by concluding that "the education undertaken by the petitioner was of an inherently personal nature and only tenuously related to his employment" so that the expense thereof is nondeductible under section 262. This argument was not relied upon or advanced by respondent, and in my view section 1.162–5 of the 1967 regulations rejects the "inherently personal" approach by first providing that education which maintains or improves employment skills gives rise to a deductible expense, and then by providing in 1.162–5(b) (2) and (3) that only certain specified educational expenses which improve job skills "are personal expenditures or constitute an inseparable aggregate of personal and capital expenditures and, therefore, are not deductible as ordinary and necessary business expenses."

It is clear to me that the specifically excepted educational expenses which do not qualify for deduction where job skills are improved are not of the type here involved. As I interpret the plain meaning of the regulations adopted in 1967, *all* expenses for education which maintain or improve skills required by the individual taxpayer in his employment "are deductible as ordinary and necessary business expenses" except for such expenses which under section 1.162–5(b) (2) are "for education which is required of him in order to meet the minimum educational requirements for qualification in his employment." Or which under section 1.162–5(b) (3) are "for education which is a part

of a program of study being pursued by him which will lead to qualifying him in a new trade or business."

Having concluded that petitioner has carried his burden of proving that his education improved his employment skills and that neither 1.162–5(b)(2) nor 1.162–5(b)(3) of the regulations disqualifies such expenses as personal nondeductible educational expenses under 1.162–5(b), I would not decide the case as a majority of my brothers has on the basis that the expenses were "inherently personal and not proximate to the job" a ground neither urged nor even considered by the parties. I, instead, would decide in petitioner's favor and allow the claimed deduction under section 162 and the 1967 regulations upon which petitioner relies. Even if the expense was of a sort generally regarded as personal, it was for education which improved petitioner's skills in his then-existing employment as a police officer and not within the exceptions spelled out by the regulations making only certain specified expenses of this nature nondeductible.

FAY and MULRONEY, *JJ.*, agree with this dissent.

---

MULRONEY, *J.*, dissenting: I respectfully dissent.

The issue here is whether petitioner's educational expenses are deductible under section 162(a) of the 1954 Code as business expenses. The Commissioner has promulgated regulations to serve as guidelines for the deductibility of these expenses. Therefore, the specific issue is whether the petitioner's educational expenses are deductible under section 162(a) of the 1954 Code and the Commissioner's regulations thereunder. This is so even though consideration be given to section 262 of the 1954 Code denying deductions for personal expenses. The Commissioner's regulation under section 262 of the 1954 Code (sec. 1.262–1(b)(9), Income Tax Regs.) provides that when the expenses are educational expenses they must qualify for deduction under section 162 of the 1954 Code and the regulations thereunder or they will be held nondeductible personal expenses.

The 1958 regulation required a factual determination that the taxpayer's primary purpose in undertaking the education was to maintain or improve skills required in his employment. I heard the evidence in this case, which was ably tried by petitioner himself, and I would hold the evidence introduced by petitioner to establish the required primary purpose was sufficient.

Petitioner stated in his income tax return that the education was to improve his skills as a detective and his testimony was to the same effect. He stated in effect that his undertaking the college education was based on the Department General Order No. 63–24 which states such an education as he was pursuing would increase his value to the

department. He submitted reports to his commanding officer stating his purpose in going to college, the college he was attending, and the courses he was taking. He was placed on special shifts so as not to interfere with his attendance at the university. According to the Department General Order No. 63–24 his request for special shifts would have been denied if his commanding officer had thought his course of study would "not increase [his] value to the department."

Petitioner's stated intention in undertaking the university education is supported by a reasonable inference arising from other undisputed evidence.

There can be no doubt but that the department employer was firmly of the opinion that a policeman's college education would be most helpful in enabling the officer to carry out his duties. Department General Order No. 63–24 shows this. There is also evidence that the department has on occasion actually sent policemen to junior colleges and other colleges and paid their tuition.

I find no reason to disbelieve petitioner when he stated in his return that his college education was to improve his job skills and his testimony that it was undertaken pursuant to Department General Order No. 63–24. As stated, the department encouraged and helped its policemen to secure this college education to the end that they would be able to handle their duties more efficiently and become more valuable officers to the department. This means a policeman's college education is carrying out the employer's stated policy. He is doing exactly what his employer wants him to do in order to increase his competency as an officer. He is in effect participating in an employer-sponsored program. His declaration that his purpose in undertaking the education was to increase job skills sounds most truthful. When there is such an abundance of evidence that the employer urged the employees to go to college and was firmly of the opinion that such college education would improve the employee's job skills, there is certainly a strong indication that the employee undertook the education to serve the employer's goal of job skill improvement.

I would hold petitioner met his burden under the 1958 regulation of establishing that his educational expense was for the primary purpose of improving skills required in his work and hence the tuition deduction should be allowed.

In *Welsh* v. *United States*, 210 F. Supp. 597 (N.D. Ohio 1962), affirmed per curiam 329 F. 2d 145, the court held an internal revenue agent sustained his burden of establishing that his primary intention in undertaking a legal education was to improve skills required in his employment as internal revenue agent. In this case the court commented on the fact that the practice of internal revenue employees going to law school was not at all unusual and, in fact, it was encour-

aged. There was evidence that several of the taxpayer's coworkers attended law school. The court was able to find that the primary purpose of the revenue agent in taking law was to maintain or improve the skills required in his employment, in spite of the fact that after he completed his legal education he took the bar examination, and shortly after becoming a member of the bar he left the government service and entered the general practice of law.[1]

The Commissioner's last regulation, adopted in May 1967, provides, in part, as follows:

> Sec. 1.162–5 Expenses for education.—(a) *General rule.* Expenditures made by an individual for education (including research undertaken as part of his educational program) which are not expenditures of a type described in paragraph (b) (2) or (3) of this section [relating to meeting minimum educational requirements of one's employment and qualification for a new trade or business] are deductible as ordinary and necessary business expenses (even though the education may lead to a degree) if the education—
>
> (1) Maintains or improves skills required by the individual in his employment or other trade or business, or
>
> (2) Meets the express requirements of the individual's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the individual of an established employment relationship, status, or rate of compensation.

This regulation is equally applicable to petitioner's case.[2] Rev. Rul. 68–191, 1968–1 C.B. 67. It liberalizes the deductibility of educational expenses in that it deletes the primary-purpose test found in the 1958 regulation. Sec. 1.162–5(a)(1), Income Tax Regs., is the portion of the above regulation that is applicable here. As applied to this case it means the cost of education which maintains or improves one's business skill will be deductible—without regard to whether that was the taxpayer's primary purpose in undertaking the education.

The majority does not seem to make any finding under this regulation with respect to whether petitioner's evidence established that his college education in philosophy maintained or improved skills required by him in his employment as a police officer but instead emphasizes the personal nature of the college education. It seems to me any college education would increase general knowledge but it could also improve job skills and that is all the last regulation requires. Almost all of

---

[1] The *Welsh* case has been cited with approval by this Court in many opinions including two Memorandum Opinions (*William J. Brennan,* T.C. Memo. 1963–243, and *Milton L. Schultz,* T.C. Memo. 1964–227) where it was held two Internal Revenue Service employees each sustained his burden of establishing that his primary intention in going to law school was to maintain and improve job skills and therefore the cost of the education was deductible.

[2] This is an interpretive regulation and therefore should be given retroactive effect. The Commissioner is merely exercising the power given to him by sec. 7805(b) of the 1954 Code to limit the retroactive application of the regulation to avoid inequitable results. Thus in the cited ruling he states "the taxpayers may rely on either the new regulations or the prior regulations" to claim deductions for the years prior to 1968.

the government's argument in this case is devoted to the issue with respect to this regulation with the Government contending the evidence is insufficient to establish the education undertaken by petitioner maintained or improved skills required by him in his employment.

To me it seems obvious that petitioner's college education in philosophy would help him maintain and improve the skills required in his employment as a police officer. Included in the usual definition of "philosophy" is the explanation that it means a science which comprises logic, ethics, and an investigation of human nature and human conduct.

I do not think petitioner had a burden to show how his job skills would be improved by each and every one of the college courses he happened to be taking in the 1 tax year involved. If, as was held in *Welsh* v. *United States, supra*, an internal revenue agent's legal educational deduction is not defeated by his taking courses in Pleading or Legal Writing, a policeman's educational deduction for a college education in philosophy should not be defeated because of courses in history, English, and the study of authors and playwrights. Petitioner took other courses such as the Philosophy of Science, the History of Modern Philosophy and American Government. The last-named course is described in the university bulletin as follows:

This course covers the origin and development of the Federal Constitution, the organization, powers, and limitations of the Federal government, and the ideas upon which American political institutions are founded. Special attention is given to federal-state relations, with emphasis on the Constitution of the State of Illinois.

I would hold petitioner's evidence was sufficient to establish that his college education in philosophy maintained or improved his skills as a policeman.

Because I would hold petitioner met his burden of proof to show the tuition was deductible under both regulations I would hold for petitioner on the issue presented.

FORRESTER, SCOTT, FAY, and HOYT, *JJ.*, agree with this dissent.