WILLIAM D. HANAGAN and MARY JANE HANAGAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hanagan v. Commissioner
Docket No. 2884-73.
United States Tax Court
T.C. Memo 1974-142; 1974 Tax Ct. Memo LEXIS 177; 33 T.C.M. (CCH) 642; T.C.M. (RIA) 74142; June 4, 1974, Filed. William D. Hanagan, pro se. Paul G. Topolka, for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge: Respondent determined deficiencies in petitioners' Federal income tax for 1968 and 1969 in the respective amounts of $2,346.32 and $5,210.47. The issue for decision is whether amounts petitioners received from a business associate as reimbursements for the wages petitioners paid their housekeeper are includable in petitioners' gross income for 1968 and 1969. Some of the facts have been stipulated and are so found. Petitioners are husband and wife whose legal residence was in Mt. Vernon, Illinois, at the time of filing the petition herein. They filed joint Federal income tax returns for 1968 and 1969 with the Internal Revenue Service Center at Kansas City, Missouri. *178 Petitioners will be referred to herein as Hanagan and Mrs. Hanagan. Prior to the taxable years in issue, Hanagan and another attorney named Dousman agreed to engage jointly in the practice of law and share the profits therefrom. Hanagan and Dousman thereafter maintained law offices in downtown Mt. Vernon. An office and law library was also located in petitioners' personal residence. The written agreement establishing the joint practice of Hanagan and Dousman provided that the latter, "as a business expense to be borne by him," would reimburse Hanagan for the wages of the housekeeper performing services in petitioners' residence. During the taxable years in issue, Mrs. Hanagan worked full-time as a legal secretary and law librarian for Hanagan and Dousman. She generally accompanied her husband and performed secretarial services for him when he traveled out of town on such business, including overnight trips. Mrs. Hanagan received no compensation for her services.
During the taxable years in issue, petitioners employed a housekeeper, whose duties included cleaning petitioners' residence (including a portion used for business) and washing and ironing clothes. The housekeeper *179 usually worked at petitioners' residence from 9:00 a.m. to 4:00 p.m… When petitioners were out of town overnight, the housekeeper stayed in the house and prepared meals for petitioners six children, the youngest of whom was nine or ten. She did not otherwise prepare any meals for petitioners or their children. Petitioners paid weekly wages to the housekeeper totaling $3,760.25 in 1968 and $3,772.29 in 1969. In accordance with the agreement between him and Hanagan, Dousman reimbursed petitioners for such amounts at the end of each year. Petitioners argue that the reimbursements are not includable in their gross income, because they represented expenditures for business rather than personal purposes. Petitioners premise this argument on the allegations that the housekeeper's services enabled Mrs. Hanagan to work full-time as a legal secretary and librarian for the joint benefit of Hanagan and Dousman and that petitioners would not have employed a housekeeper if Dousman had not agreed to bear the cost of her wages and thereby obtain the secretarial services of Mrs. Hanagan. [1]
*180 Even if these allegations were established by the record herein, and they are not, they would not entitle petitioners to exclude the reimbursements from their income. Services such as cleaning a personal residence, washing and ironing clothes, and preparing meals for children in their parents' absence are undoubtedly nondeductible "personal, living, and family expenses" under section 262, Internal Revenue Code of 1954. Furthermore, the argument that such inherently personal expenses are transformed into business expenses when they enable or facilitate the taxpayer's employment has been repeatedly considered and rejected. Robert S. Seese, 7 T.C. 925, 927 (1946); Mildred A. O'Connor, 6 T.C. 323 (1946); Henry C. Smith, 40 B.T.A. 1038 (1939), affirmed per curiam, 113 F.2d 114 (C.A. 2, 1940); see Carroll v. Commissioner, 418 F.2d 91, 95 (C.A. 7, 1969), affirming 51 T.C. 213, 215 (1968); Michael P. Nammack 56 T.C. 1379, 1383 (1971), affirmed per curiam, 459 F.2d 1045 (C.A. 2, 1972).[2]
*181 Clearly, if the element of Mrs. Hanagan's services were not involved, the reimbursed amount would be includable in petitioners' gross income and petitioners do not contend otherwise. The injection of that element, however, is without any significance. Petitioners cannot thereby transform an item of taxable gross income into a nontaxable reimbursement. Such a result would have the effect of permitting either a deduction for personal expenses (i.e., the wages of a housekeeper) or for services intended to be rendered gratuitously and for which the taxpayer (i.e., Mrs. Hanagan) received no payment. [3]
Petitioners have failed to prove that any portion of the housekeeper's services in excess of that determined *182 by the respondent was in itself related to business rather than to personal needs. Decision will be entered under Rule 155. Footnotes
1. The agreement between Hanagan and Dousman describes their relationship as an "associate partnership," but neither party has raised any issue as to the applicability of Subchapter K, and particularly section 704(b) (2), of the Internal Revenue Code of 1954↩. 2. See also Feld, "Deductibility of Expenses for Child Care and Household Services: New Section 214," 27 Tax L. Rev. 415, 416-418↩ (1972). 3. Respondent determined that petitioners were entitled to deduct a portion of the housekeeper's wages allocable to her services related to the business. Neither party has raised any issue as to whether such portion should properly be treated as a reduction of the amount of the reimbursement rather than a deduction. Nor need we consider whether the reimbursement should be attributed to Mrs. Hanagan rather than her husband since the petitioneers herein filed a joint return. ↩