LEON E. BALDWIN and SANDRA E. BALDWIN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Baldwin v. Commissioner
Docket No. 548-75.
United States Tax Court
T.C. Memo 1977-242; 1977 Tax Ct. Memo LEXIS 200; 36 T.C.M. (CCH) 995; T.C.M. (RIA) 770242; July 27, 1977 Filed *200 Petitioners, husband and wife, deducted the full amount of their child care expenses as an ordinary and necessary business expense. Held: Petitioners' child care expenses are only deductible under section 214, I.R.C. 1954, as amended. The limitations in section 214 are not violative of petitioners' constitutional rights under the Fifth Amendment. Leon E. Baldwin, pro se. Edward B. Simpson, for the respondent. IRWIN
MEMORANDUM OPINION IRWIN, Judge: Respondent determined a deficiency of $331.47 in the income tax of petitioners for the taxable year 1973. The issue for our determination is whether the $1,504.70 expended *201 by petitioners for the care of their two children outside their household is an allowable deduction under the Internal Revenue Code of 1954. [1] Respondent concedes that petitioners are entitled to deductions in part for two months. All of the facts have been stipulated. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioners, Leon E. Baldwin and Sandra E. Baldwin, husband and wife, had their legal residence in Concord, Calif., at the time of filing their petition. During the calendar year 1973, Leon Baldwin was a social worker for the county of Contra Costa, Calif. Sandra Baldwin worked for the county of Contra Costa as an eligibility work supervisor. Petitioners reported an adjusted gross income of $21,536.87 for the year 1973 and deducted $1,504.70 for expenses incurred in the care of their two children--Lawrence, 8, and Leslie, 1. In his statutory notice of deficiency, the Commissioner disallowed in full petitioners' deduction on the ground petitioners failed to comply with the $18,000 *202 income limitation of section 214(d). Petitioners contest this deficiency and, in addition, claim an overpayment of $1,215.85. The monthly child care expenses were stipulated by the parties as follows: January
$130.00
August
$ 84.00
February
115.00
September
119.00
March
140.00
October
91.00
April
178.00
November
129.70
May
150.00
December
109.00
June
147.00
July
112.00
Total
$1,504.70
The issue in question is whether petitioners are entitled to deduct in full the $1,504.70 expended for the care of their two children. Petitioners contend that the cost of child care which arises in households where both parents work is a business expense incurred in the course of carrying on a trade or business, and that to limit the deduction is "illegal, discriminatory, and unconstitutional." Their argument is not directed against the Internal Revenue Service's method of computation under section 214 but rather against the section's applicability. Petitioners also contend that section 214 is unconstitutional because it discriminates against women whose employment (more than their male counterparts') creates the need for child care. By denying *203 a business deduction for child care expenses, the cost of child care is an added cost of employment, thereby reducing the woman's income. Respondent argues that dependent care expenses by working individuals are not deductible as business expenses under section 162 or as expenses incurred for the production of income under section 212, but are personal expenses allowable only to the extent provided by section 214. We agree with respondent. Respondent does not address the issue whether section 214 discriminates against women. Prior to the enactment of section 214, expenses incurred for child care were nondeductible. Such expenses were considered personal and, therefore, nondeductible even where they were necessary for one to gain employment and remain employed. O'Connor v. Commissioner,6 T.C. 323 (1946); Smith v. Commissioner,40 B.T.A. 1038 (1939). Differentiating between personal expenses and necessary business expenses is frequently one of degree rather than kind. Nammack v. Commissioner,56 T.C. 1379, 1383 (1971), affd. per curiam 459 F. 2d 1045 (2d Cir. 1972), cert. denied 409 U.S. 991 (1972); *204 and classifying expenses is within the legislative powers of Congress as to both kind and degree. New Colonial Ice Co. v. Helvering,292 U.S. 435, 440 (1934); Helvering v. Independent Life Ins. Co.,292 U.S. 371, 381 (1934); Child v. United States,540 F. 2d 579, 588 (2d Cir. 1976); Crowe v. Commissioner,396 F. 2d 766 (8th Cir. 1968). As to kind, Congress has determined that certain child care expenses qualify as personal deductions under section 214. As to degree, Congress has provided a limitation in section 214(b)(2)(B) and (d) for all taxpayers with additional limitations for those taxpayers whose annual adjusted gross income exceeds $18,000.
Petitioners argue that California law (Cal. Welf. & Inst. Code, § 600 et seq. (West 1972)) compels them to provide child care while they are at work and thus transforms their child care expenses into business expenses. However, these laws were enacted for their children's health and welfare and not to promote petitioners' business. We believe the relationship between petitioners' employment and a law the purpose of which is to protect children *205 is irrelevant. The fact that such a law compels petitioners to incur child care expenses does not change the personal nature of the expenses. In Hicks v. Commissioner,47 T.C. 71, 75 (1966), the taxpayer sought to deduct as a business expense the cost of transportation to a selective service physical examination compelled by law. We held that the mere fact the taxpayer was inconvenienced, because his business required him to be elsewhere, did not change the personal nature of the expenditure. Further, it is not sufficient for a taxpayer to argue an expense would not have been incurred but for his engaging in a trade or business. The taxpayer must bear the burden of proving the nature of the expense is not personal or otherwise of a nondeductible nature. This petitioners have failed to show. Petitioners present only another example of expenditures made to enable a taxpayer to carry on a trade or business but which are not incurred in the conduct of that trade or business. Kroll v. Commissioner,49 T.C. 557, 566 (1968). Petitioners urge us to declare section 214 unconstitutional because it discriminates against women. They argue that it is *206 usually the mother's employment which necessitates child care expenses. However, petitioners have failed to prove that arbitrary or invidious discrimination exists. Moreover, section 214 does not necessarily violate working women's rights simply because it might impose a particular burden on them. As we noted in Nammack v. Commissioner, supra at p. 1384: [In] view of the broad range of financial, economic, and property relationships affected by the income tax provisions of the Internal Revenue Code, and in view of the fact that men and women sometimes perform different roles in our society, it is not unusual for particular applications of those provisions to affect members of one sex more than members of the other. * * *
Further, petitioners filed a joint income tax return for 1973. Therefore, their ineligibility to qualify for a greater deduction is mutually disadvantageous and not directed solely against Mrs. Baldwin. The equitable arguments raised by petitioners carry some merit based on pragmatic economic considerations. But the law in this area is expressly provided in section 214. Arguments urging the broadening of a tax deduction beyond *207 its plain meaning to avoid undesired results are more properly addressed to Congress than to the courts. Helvering v. Ohio Leather Co.,317 U.S. 102, 110 (1942). Respondent has determined that the limitation under section 214(d) is $147.36 and he, therefore, concedes that petitioner is entitled to deduct $33.28 for the months of April and May. Decision will be entered under Rule 155. Footnotes
1. All statutory references hereafter refer to the Internal Revenue Code of 1954 as in effect during the year in issue.↩