T.C. Memo. 2011-52

UNITED STATES TAX COURT

JOSEPH KUNTZ III AND SYRITA E. KUNTZ,
AN INCAPACITATED PERSON, JOSEPH KUNTZ III,
GUARDIAN AND CONSERVATOR, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7691-09.                    Filed March 1, 2011.

Joseph Kuntz III, for petitioners.

John D. Davis, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

MORRISON, Judge:  The Commissioner of Internal Revenue (the
IRS) issued a notice of deficiency disallowing business-expense
deductions the Kuntzes claimed in 2006 and 2007 for amounts they
paid to a caregiver for Mrs. Kuntz.  The Kuntzes filed a petition
for redetermination with the Court.  The issue for decision is

whether the Kuntzes are entitled to business-expense deductions for 2006 and 2007 for payments to the caregiver.

FINDINGS OF FACT

Some facts have been stipulated. Those stipulated facts are adopted by the Court. At the time they filed their petition, the Kuntzes resided in Idaho. Mr. Kuntz is self-employed as a tile and marble contractor. He operates his business out of the Kuntzes' personal residence. Mrs. Kuntz has Alzheimer's disease, and her condition requires someone to be with her at all times. Mr. Kuntz employs a caregiver to look after Mrs. Kuntz during the day. The caregiver also does clerical work for Mr. Kuntz's business. Mr. Kuntz paid $20,184 to the caregiver in 2006. He paid $20,265 to the caregiver in 2007.

On their tax returns for 2006 and 2007, the Kuntzes deducted the payments to the caregiver as expenses of Mr. Kuntz's tile and marble business. The IRS issued a notice of deficiency disallowing the deductions.[1] Since then, the IRS has stipulated that $2,115 of the $20,184 paid to the caregiver in 2006, and $2,115 of the $20,265 paid to the caregiver in 2007, are deductible as business expenses because the caregiver performed

---

[1]The notice of deficiency included some other adjustments. The Kuntzes have conceded that these other adjustments are correct. As a result of all the adjustments in the notice of deficiency, including the disallowance of the deductions for the caregiver payments and the other adjustments that the Kuntzes now concede are correct, the deficiencies in tax determined in the notice of deficiency were $3,182 for 2006 and $5,153 for 2007.

some clerical services for Mr. Kuntz's business.  The IRS has also stipulated that if the Kuntzes are not allowed business-expense deductions for the remaining amounts paid to the caregiver, they are entitled to corresponding medical-expense deductions on Schedule A, Itemized Deductions, of $13,490 for 2006 and $12,143 for 2007.

## OPINION

The ordinary and necessary expenses of carrying on a trade or business are deductible.  Sec. 162(a).[2]  However, personal and family expenses are not generally deductible.  Sec. 262(a).  The IRS argues that the cost of paying the caregiver is not deductible under section 162(a) because it was not incurred primarily to benefit Mr. Kuntz's business and because it bears only a remote or incidental relationship to the business.  The Kuntzes argue that Mr. Kuntz had to employ someone to look after Mrs. Kuntz while he was at work.  The Kuntzes must prove they are entitled to the deduction.  Tax Court Rule of Practice and Procedure 142(a).[3]

In Smith v. Commissioner, 40 B.T.A. 1038, 1039-1040 (1939), affd. 113 F.2d 114 (2d Cir. 1940), the Board of Tax Appeals held

---

[2]All section references are to the Internal Revenue Code of 1986, as amended, as in effect for the years at issue.

[3]Although sec. 7491(a) imposes the burden of proof on the IRS if certain conditions are met, the Kuntzes concede that they bear the burden of proof.

that a married couple could not deduct the cost of paying nannies to look after their child, even though the nannies' services allowed the wife to work outside the home. Similarly, the expense of the caregiver for Mrs. Kuntz is not deductible even though this expense allowed Mr. Kuntz to work outside the home.[4] Therefore, the Kuntzes are entitled to business-expense deductions for payments to the caregiver of only $2,115 for 2006 and $2,115 for 2007. In accordance with the stipulation, they are entitled to medical-expense deductions of $13,490 for 2006 and $12,143 for 2007.[5]

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.

---

[4]It is not necessary for us to determine whether Mr. Kuntz would have hired the caregiver had he had not been working. The personal nature of the nanny expenses in <u>Smith v. Commissioner</u>, 40 B.T.A. 1038 (1939), affd. 113 F.2d 114 (2d Cir. 1940), did not depend upon whether the nannies would have been hired had the wife not worked.

[5]The Kuntzes have not claimed a credit under sec. 21, which allows a taxpayer a credit for a percentage of the expenses of caring for a spouse who is "physically or mentally incapable of caring for himself or herself and who has the same principal place of abode as the taxpayer" if "such expenses are incurred to enable the taxpayer to be gainfully employed".