ROBERT S. SEESE, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 7276. Promulgated October 8, 1946.

*Wilfrid L. Burke, Esq.*, for the petitioner.
*Wesley A. Dierberger, Esq.*, for the respondent.

OPINION.

HILL, *Judge*: Petitioner mentions section 23 (a) (1) and (2) of the Internal Revenue Code in support of his contention that the legal fees here involved are deductible, but, since petitioner admits that the expense involved was incurred and paid by the company, it is clear that section 23 (a) (2), which applies only to individuals, is not ap-

plicable. Respondent stated on brief that petitioner was relying only on section 23 (a) (1), and this statement was not denied by petitioner in his reply brief. We consider, therefore, that the present controversy properly involves only section 23 (a) (1).

Respondent contends that the legal expense was not an ordinary and necessary expense incurred in carrying on the company's business, within the meaning of section 23 (a) (1). Petitioner contends that the expense was incurred in carrying on the company's business and that it was ordinary and necessary. We think respondent must be sustained.

We think the expense involved was essentially personal in nature and, therefore, can not be considered ordinary and necessary business expense. Drawing the line between personal and business expenses is often difficult. Some expenses seemingly involve both personal and business elements, but we think expenses such as the one involved here, which results from a personal situation of the individual concerned as distinguished from any ordinary and customary characterictic of the business, are essentially personal rather than business expenses. The expense here involved was incurred in order to adjust petitioner's personal situation so as to enable him to engage in the company's business. The present situation seems to us analogous in principle to those wherein a man incurs expenses to secure freedom from a mental institution in order to manage his own property or a woman pays nursemaids to care for her children to enable her to work outside the home. *Eugene E. Hinkle*, 47 B. T. A. 670; *Henry C. Smith*, 40 B. T. A. 1038; affirmed *per curiam*, 113 Fed. (2d) 114; *Mildred A. O'Connor*, 6 T. C. 323. In all these situations, including the present one, the expense is directed to freeing an individual from a situation, personal in nature, in order to enable such individual to engage in business. Such expenses are enabling expenses based on personal consideration, rather than those of carrying on a business. They are in principle similar to those incurred by a commuter or a student for specialized education. They are preliminary to the carrying on of business and derive essentially from the particular individual's personal requirements. We think the reasoning of the cases cited above controls the present situation. Since we consider the expense essentially personal in character, although incurred and paid by the company, it follows that such expense can not be considered an ordinary and necessary business expense. We hold, therefore, that respondent correctly disallowed the deduction.

*Decision will be entered for the respondent.*