WILLIAM P. WEST AND MARGARET M. WEST, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 1414–77.     Filed January 10, 1979.

*Arnold D. Henkel, Jr.,* for the petitioners.
*Dale L. Newland,* for the respondent.

WILES, *Judge:* Respondent determined a deficiency of $3,621.86 and an addition to tax under section 6653(a)[1] of $181.09 in petitioners' 1974 Federal income tax. After concessions, the sole issue is the deductibility under sections 162(a) and 212 of $1,250 paid for legal fees in connection with litigation to prevent William P. West from serving active duty in the Navy.

### FINDINGS OF FACT

All the facts have been stipulated and are found accordingly.

William P. West (hereinafter petitioner) and Margaret M. West, husband and wife, resided in Minneapolis, Minn., when they filed their joint Federal income tax return for 1974 with the Internal Revenue Service Center in Ogden, Utah, and in Jackson, Minn., when they filed their petition in this case.

Petitioner is a medical doctor with a specialty in family practice. Prior to completing his medical education, he entered into an agreement with the Navy under which he received a Naval reserve commission and a deferment from active duty until completion of residency training in his specialty. In return, he obligated himself to serve on active duty for 2 years, after his medical training. His residency terminated in 1974; in the spring of that year, he received orders to report for active duty commencing in August 1974.

---

[1]Statutory references are to the Internal Revenue Code of 1954, as amended.

Petitioner sought administrative and judicial relief from the order to report for active duty but was ultimately unsuccessful. He incurred $1,250 in legal fees in his attempt to avoid active duty.

Petitioners deducted the legal fees on their 1974 Federal income tax return as a business related legal expense. Respondent disallowed the expense on the ground that it was a personal expense under section 262.

## OPINION

The only issue is the deductibility of petitioner's legal expense incurred in litigation to avoid active duty in the Navy. The deductibility of legal fees incurred in connection with litigation is governed by *United States v. Gilmore*, 372 U.S. 39, 49 (1963), which held that "the origin and character of the claim with respect to which an expense was incurred, rather than its potential consequences upon the fortunes of the taxpayer, is the controlling basic test of whether the expense was 'business' or 'personal' " within the meaning of sections 162(a) and 212.

The litigation herein was instituted by petitioner to avoid active duty under the deferral agreement he entered while in medical school. As such, the origin and character of the litigation was petitioner's personal decision while in medical school to defer his active duty in the Navy until the completion of his residency. See *Seese v. Commissioner*, 7 T.C. 925 (1946). The consequences of this personal decision, and corresponding litigation, on petitioner's fortunes as a practicing physician in the private community are irrelevant.

Accordingly, we hold that petitioner's legal expenses are nondeductible personal expenses under section 262.

To reflect the foregoing,

*Decision will be entered under Rule 155.*