Richard P. and Betty Lou Joyce v. Commissioner.
Joyce v. Commissioner
Docket No. 2655-69-SC.
United States Tax Court
T.C. Memo 1969-258; 1969 Tax Ct. Memo LEXIS 34; 28 T.C.M. (CCH) 1333; T.C.M. (RIA) 69258; December 4, 1969, Filed. Richard P. Joyce, pro se, 2936 Strong St., Highland, Ind. Bernard J. Boyle and Wayne I. Chertow, for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: The Commissioner determined a deficiency in petitioners' Federal income tax for the taxable year 1966 in the amount of $167.14 resulting from the disallowance of claimed deductions and corresponding adjustments to income in the amount of $879.15. Petitioners contest only $573.36 of the disallowed deductions which relate generally to educational expenses of Richard. Findings of Fact Richard P. and Betty Lou Joyce (hereinafter referred to as petitioners *35 or Richard and Betty) resided in Highland, Indiana at the time the petition herein was filed. They filed their Federal income tax return for the taxable year 1966 with the district director of internal revenue, Indianapolis, Indiana. Petitioner Richard is employed by I.I.T.Research Institute as an associate research engineer and is a member of the professional staff of that organization and has been such since 1962. His work involves a combination of both electrical and mechanical engineering directed to making physical measurements by instrumentation. During 1966 Richard took two courses at the Illinois Institute of Technology in Chicago; the courses were in French and chemistry. Richard received a degree from Illinois Institute of Technology in June 1967 and thereafter received a promotion to his present position as an associate research engineer. I.I.T. did not require Richard to seek additional education in order to maintain his former position as an assistant engineer. Richard is doing the same type of work now as he was engaged in when he joined I.I.T. in 1962. The two courses were not specifically or directly related to Richard's job as an engineer. On his 1966 Federal *36 income tax return, Richard deducted the following amounts as "expense for education:" Tuition
$195.00
Books and Supplies
48.36
Transportation 330.00
Total
$573.36
The Commissioner totally disallowed this deduction, and in conjunction with other disallowances, determined the deficiency involved herein. Opinion The only question presented is whether the claimed deductions for educational expenses are allowable under section 162, I.R.C. 1954, and specifically section 1.162-5, Income Tax Regs., or are not allowable as personal expenses under section 262, I.R.C. 1954. The regulations provide in part: Section 1.162-5 Expenses for education. (a) General rule. Expenditures made by an individual for education * * * are deductible as ordinary and necessary business expenses (even though the education may lead to a degree) if the education - (1) Maintains or improves skills required by the individual in his employment * * *, or (2) Meets the express requirements of the individual's employer * * * imposed as a condition to the retention by the individual of an established employment *37 relationship, status, or rate of compensation. 1334 To qualify under subsection (a)(2), the educational requirement must be an express one of the employer. Lawrence H. Bakken, 51 T.C. 603, on appeal (C.A. 9, April 11, 1969). Richard specifically testified there was no such requirement, although promotion without a degree would be more difficult and he further testified that his job was not in jeopardy. Therefore, under subsection (a)(2), his claimed deduction is not allowable. Under subsection (a)(1), Richard must show that the education was undertaken primarily to maintain or improve his job skills. James A. Carroll, 51 T.C. 213, affd. - F. 2d - (C.A. 7, Oct. 22, 1969). Again, he testified that the two courses he took had no direct relationship to the performance of his duties in his employment capacity and further that he is performing the same work as he performed when he first began his employment. Therefore, Richard is not entitled to a deduction under subsection (a)(1). We hold that Richard has failed to establish that he is entitled to his claimed deduction for educational expenses, including transportation. Accordingly, Decision will *38 be entered for the respondent.