DUANE F. THORBAHN and JUDITH C. THORBAHN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Thorbahn v. Commissioner
Docket No. 10941-76.
United States Tax Court
T.C. Memo 1979-83; 1979 Tax Ct. Memo LEXIS 443; 38 T.C.M. (CCH) 342; T.C.M. (RIA) 79083; March 14, 1979, Filed Duane F. Thorbahn and Judith C. Thorbahn, pro se. Rogelio A. Villageliu, for the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined deficiencies in petitioners' income tax in the amounts of $163.64, $275.59 and $296.68 for the calendar years 1973, 1974 and 1975, respectively. The issue for decision is whether educational expenses paid *444 for education of each of petitioners constitutes a deductible ordinary and necessary business expense under section 162(a), I.R.C. 1954, [1] and section 1.162-5, Income Tax Regs.
FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioners, husband and wife, who resided in Oshkosh, Wisconsin at the time of the filing of their petition in this case, filed joint Federal income tax returns for the calendar years 1973, 1974 and 1975. Duane F. Thorbahn made a formal application for admission to the University of Wisconsin-Oshkosh on February 20, 1972, and matriculated as a degree candidate on August 23, 1972, with an intended major in psychology. He applied to be admitted as a full-time student. Mr. Thorbahn was a fulltime undergraduate student at the University of Wisconsin-Oshkosh during 1973, 1974 and 1975, and in these respective years earned 15, 19 and 3 credits in psychology and 20, 14 and 32 credits in other courses. As of the date of the trial in this case Mr. Thorbahn had *445 not completed the degree requirements at the University of Wisconsin-Oshkosh. He was not currently registered at the University of Wisconsin-Oshkosh at the time of the trial of this case in March of 1978 but did intend to return, if possible, to complete those requirements. During 1973 and 1974, Mr. Thorbahn worked as a part-time stock clerk at a national food store in Oshkosh, Wisconsin. His work there consisted of stocking shelves, working at the check-out cash register, at times assisting with taking inventory and on some occasions, in the absence of the store manager or assistant manager, supervising the other employees in the store. Generally, his work as supervisor would be in the late evening or on a Sunday, which would be the manager's day off. After leaving his work at the national food store, Mr. Thorbahn became a salesman for a greeting card company. Mr. Thorbahn was not required to obtain education in psychology as a condition of obtaining or retaining his job at the national food store or the greeting card company. While Mr. Thorbahn was working at the national food store he was looking toward going into the management level with that company, eventually with *446 its headquarters office. While a college degree was not an absolute requirement for going into the management area with the company for which Mr. Thorbahn worked, it was highly preferred by the company. The national food store preferred a degree in business administration, psychology, or marketing for persons employed in its management area. A college education was not a requirement for a position as a salesman by the greeting card company by which Mr. Thorbahn was employed after leaving the national food store. However, a college degree was required for a management position with the greeting card company for which Mr. Thorbahn worked. Mr. Thorbahn hoped to get into management with the greeting card company and in order to do so he would be required to have completed his degree. Judith C. Thorbahn is a 1966 graduate of the St. Agnes School of Nursing at Fond du Lac, Wisconsin. The nursing program at St. Agnes School of Nursing is a hospital-oriented program and requires 3 years for graduation. Upon her successful completion of the course a diploma was awarded to Mrs. Thorbahn. She is a registered nurse, having passed an examination to be so licensed upon completion of her *447 nursing course at the St. Agnes School of Nursing. Mrs. Thorbahn applied for admission to the University of Wisconsin-Oshkosh on June 27, 1971, and matriculated on August 23, 1972. When she applied for admission to and during the first two semesters in which she attended the University of Wisconsin-Oshkosh, she was intending to major in nursing. Sometime in 1973 she changed her major from nursing to psychology. Mrs. Thorbahn graduated from the University of Wisconsin-Oshkosh on May 23, 1975, with a B.S. in Letters & Science, Major-Psychology. On January 20, 1973, Mrs. Thorbahn was employed as a part-time registered nurse in the surgical ward of Mercy Medical Center, Oshkosh, Wisconsin. She took a part-time position because she was a full-time student at the University of Wisconsin-Oshkosh. Mrs. Thorbahn's initial educational requirements to obtain a position as a registered nurse at Mercy Medical Center were met by her training at St. Agnes School of Nursing and her successful completion of the examination for a registered nurse. Mercy Medical Center did not impose any additional educational requirements on Mrs. Thorbahn after she was employed since the obtaining of a college *448 degree was not a requirement for a nursing position at Mercy Medical Center. Upon her graduation from the University of Wisconsin-Oshkosh, Mrs. Thorbahn was transferred from the surgical ward to the psychiatric ward of Mercy Medical Center. After receipt of her degree she worked as a full-time registered nurse at Mercy Medical Center. She desired to be transferred to the psychiatric ward because of her interest in psychology. However, she did not do specific work connected with psychology although she considered her training in psychology to be helpful in dealing with her patients and their families. Although a Bachelor's degree was not a specific requirement for a head nurse or administrative position in nursing at Mercy Medical Center, this center preferred that persons in these positions have a college degree. Some hospitals required such a degree for a head nurse or for an administrative position. Also, a degree was required for a registered nurse working in the area of counseling and for Public Health Service nurses. Mrs. Thorbahn was interested in obtaining a position in counseling, public health service, hospital administrative work or as a head nurse when she obtained *449 the degree. However, because of the birth of her child after her graduation Mrs. Thorbahn had not at the time of the trial attempted to obtain any such position. During the year 1973, Mrs. Thorbahn obtained 8 credits in nursing, 3 in psychology and 23 in other subjects at the University of Wisconsin-Oshkosh. In 1974 she obtained 25 credits in psychology and 5 in other subjects, and in 1975 obtained 9 credits in psychology and 3 in other subjects. Petitioners incurred tuition and fee expenses for attendance at the University of Wisconsin-Oshkosh during 1973, 1974 and 1975 in the following amounts: 1973
1974
1975
Duane F. Thorbahn $ 674.00 $ 695.00
$590.75
Judith C. Thorbahn
666.00
623.00
322.00
Total
$1,340.00
$1,318.00
$912.75
On their Federal income tax returns for the years here in issue petitioners deducted educational expenses in connection with their undergraduate studies at the University of Wisconsin-Oshkosh in the following amounts: 1973
1974
1975
Duane F. Thorbahn $ 608.00 $ 875.00
$1,089.88
Judith C. Thorbahn
652.00
852.00
392.00
Total
$1,260.00
$1,727.00
$1,481.88
Respondent, in his *450 statutory notices of deficiency, disallowed these claimed deductions with the explanation that educational expenses which would qualify a person for a new trade or business are not deductible. At the trial, counsel for respondent stated that respondent contends that the petitioners' educational expenses were not deductible because there was not a significant relationship between the education they undertook and the work they were performing so that the education did not meet the standards of maintaining and improving their skills in their employment to such an extent as to constitute an ordinary and necessary business expense, as well as taking the position that the education undertaken by each petitioner qualified that petitioner for a new trade or business. OPINION Section 162(a) allows a deduction for all ordinary and necessary expenses of carrying on a trade or business. Under section 1.162-5, Income Tax Regs., [2] educational expenses which meet certain criteria are considered deductible business expenses. In order to be deductible as a business expense, *451 education which is not undertaken to meet the express requirements of a taxpayer's employer must be shown to maintain or improve the skills required by the individual in his employment or other trade or business. However, under the provision of section 1.162-5(b)(3), Income Tax Regs., even though education does meet the express requirements of the taxpayer's employer or does improve the skills of a taxpayer in his employment or other trade or business, it is not deductible if the expenses are for education which is part of a program of study leading to qualifying the taxpayer in a new trade or business. *452 The record here shows that the employers of neither Mr. or Mrs. Thorbahn specifically required that they obtain any additional education to maintain their employment. Therefore, in order for their educational expenses to be deductible, each petitioner first must show that the education undertaken maintained or improved the skills required in his or her employment. As we pointed out in Carroll v. Commissioner, 51 T.C. 213, 219, (1968), affd. 418 F.2d 91 (7th Cir. 1969), to meet this requirement a taxpayer must show that the education undertaken is proximately related to his job activity. As was specifically pointed out in the opinion of the Circuit Court in the Carroll case, at 95, although a college education undoubtedly improves the job skills of all who avail themselves of it, such a relationship is not sufficient to remove the expense of such an education from the category of personal expenses which are nondeductible under section 262. In fact, the Court there stated that to "allow as a deduction the cost of a general college education would surely *453 go beyond the original intention of Congress in its enactment of 11 the Internal Revenue Code of 1954." Mr. Thorbahn was employed first primarily as a stock clerk by a national food store and later as a greeting card salesman. He was a full-time student undertaking a general college education with a major in psychology. Mr. Thorbahn argued that by his college studies, and particularly his studies in psychology, his general ability to get along with people was improved. This was the only relationship of his education to his employment to which he testified. It was clear from his testimony that he was undertaking his college work in order to obtain a management position either with the employer for whom he was currently working or with another employer. Under our holding in Carroll v. Commissioner, supra, we conclude that there was not the necessary proximate relationship between Mr. Thorbahn's employment and the education he undertook to cause the cost of his education to constitute a business rather than a personal expense. Also, in our view, a management position in business is not the same trade or business as a stock clerk in a national food store *454 or a greeting card salesman. Therefore, the education undertaken by Mr. Thorbahn would lead to qualifying him in a new trade or business, namely, a management position with a business firm. Under section 1.162-5 of the Income Tax Regulations the intent of a taxpayer or his primary purpose in undertaking the education is not of consequence. Carroll v. Commissioner,supra at 219. However, Mr. Thorbahn's testimony of his ambition to obtain a management position in business and the necessity of a college degree in order to achieve this ambition tends to highlight the difference in the trade or business of being a business manager or executive and that of being a stock clerk in a food store or a greeting card salesman. On the basis of this record we conclude that the educational expenses incurred by Mr. Thorbahn in each of the years here in issue are not deductible since they do not meet the statutory requirement of maintaining or improving skills required by his employment and also since these expenditures were made for education which was part *455 of a program of study leading to qualifying Mr. Thorbahn for a new trade or business. The record shows that after Mrs. Thorbahn received her diploma upon completion of 3 years of nurses training and passed the examination for a registered nurse, she had met the minimum requirements of Mercy Hospital Center for employment as a registered nurse. However, the very fact that she had part-time employment as a registered nurse and was a full-time university student indicates that in fact she was "working her way though college" rather than undertaking education to improve her skills in her employment as a part-time registered nurse. Other than 8 hours of credit in nursing, which Mrs. Thorbahn obtained in 1973, the courses she took at the University of Wisconsin-Oshkosh appear to have no direct relationship to her employment as a part-time registered nurse. This record contains no evidence to show in what areas the 8 hours of credit in nursing were obtained or whether in fact this study was proximately related to the skills needed by Mrs. Thorbahn as a part-time registered nurse. In her testimony Mrs. Thorbahn never explained the relationship, if any, of the courses which led to the 8 *456 hours of credit in nursing to her employment. Rather she testified as to why she changed to a degree in psychology, pointing out that in her opinion the University of Wisconsin-Oshkosh "does not have a very good program" in nursing. She testified that psychology was an excellent background for any form of nursing. She explained that she wanted a Bachelor's degree because the hospitals and nursing services prefer it. Mrs. Thorbahn also testified that having a degree in psychology, as well as being a registered nurse, would qualify her to do counseling on a community basis or to go into public health nursing for which occupations she was not qualified without the degree. She testified that all hospitals prefer, and some hospitals require, a college degree for head nurses and administrative positions. She testified that some states require a degree for registered nurses and that "three-year programs * * * are really being phased out * * *." She testified that she had looked into the areas of public health nursing for which she would be qualified with her degree and for which she would not be qualified as a registered nurse with 3 years of hospital training, but that she had not pursued *457 her inquiry after she obtained the degree since she had a baby and had not wished immediately to change her employment. While there is some relationship between the college work leading toward the degree obtained by Mrs. Thorbahn and her work as a part-time registered nurse, in our view there is not the necessary proximate relationship for the expenses for her general college education to be business rather than personal expenditures. Also, we consider it clear from this record that the education undertaken by Mrs. Thorbahn qualified her for a new trade or business. With her college degree she was qualified for counseling positions and for positions of public health service nurse. In Garwood v. Commissioner,62 T.C. 699, 702 (1974) we stated: The thrust of the regulations is to distinguish between educational expenses that are ordinary and necessary expenses of a trade or business and those that are personal and capital expenditures. Ronald F. Weiszmann,52 T.C. 1106, 1111 (1969), affirmed per curiam 443 F.2d 29 (C.A. 9, 1971). In *458 Arthur M. Jungreis,55 T.C. 581, 591 (1970), we stated: They [the regulations] recognize that the expense for education which qualifies an individual for his intended trade or business or profession is so inherently personal and capital in nature that it is not a deductible expense even though it maintains or improves the skills required by the individual in his employment and even though it meets the express requirements of the individual's employer. In other words, such an educational expense is nondeductible even though there exists a legitimate business purpose for incurring such expense. It is essential to recognize the balance which must be maintained between section 162 on the one hand and sections 262 and 263 on the other hand in deciding the deductibility of educational expenses. Cf. Carroll v. Commissioner,418 F.2d 91 (C.A. 7, 1969), affirming 51 T.C. 213 (1963). [Emphasis in original.] In the Garwood case, supra, we held that the college work taken by a substitute teacher was the work necessary to meet the minimum educational requirements of the teaching profession and therefore was not deductible *459 because of the provisions of section 1.162-5(b)(2), Income Tax Regs. However, we further pointed out that the education also qualified the taxpayer for a new trade or business, such as an interpreter and similar positions. It is unclear on this record whether the position of a head nurse in a hospital is a different trade or business from the trade or business of a registered nurse serving only as a ward nurse. If it is not, then Mrs. Thorbahn's degree was necessary for her to meet the minimum requirements for all nursing positions. See Toner v. Commissioner, 71 T.C. (Feb. 12, 1979). However, the record is clear that a public health service nurse and a counselor for which the degree qualified Mrs. Thorbahn each is a different trade or business from a ward nurse. This record shows that Mrs. Thorbahn in fact was interested in pursuing the new trade or business for which her degree qualified her. However, as we pointed out in the recent case of Toner v. Commissioner,supra, at page 13 of the slip opinion, it is immaterial whether the person undertaking *460 the education does in fact become employed in the new trade or business in determining whether education qualifies a person for a new trade or business. This record shows that Mrs. Thorbahn was primarily a student acquiring a degree in order to have broader fields of employment opened to her, as well as for her general improvement. Education of this type undertaken by an individual is inherently personal and capital in nature and expenses for such an education are not deductible as ordinary and necessary business expenses. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise stated.↩
2. SEC. 1.162-5 Expenses for Education. (a) General rule. Expenditures made by an individual for education (including research undertaken as part of his educational program) which are not expenditures of a type described in paragraph (b)(2) or (3) of this section are deductible as ordinary and necessary business expenses (even though the education may lead to a degree) if the education-- (1) Maintains or improves skills required by the individual in his employment or other trade or business, or (2) Meets the express requirements of the individual's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the individual of an established employment relationship, status, or rate of compensation. (b) Nondeductible educational expenditures--(1) In general. Educational expenditures described in subparagraphs (2) and (3) of this paragraph are personal expenditures or constitute an inseparable aggregate of personal and capital expenditures and, therefore, are not deductible as ordinary and necessary business expenses even though the education may maintain or improve skills required by the individual in his employment or other trade or business or may meet the express requirements of the individual's employer or of applicable law or regulations. (2) Minimum educational requirements. (i) The first category of nondeductible educational expenses within the scope of subparagraph (1) of this paragraph are expenditures made by an individual for education which is required of him in order to meet the minimum educational requirements for qualification in his employment or other trade or business. The minimum education necessary to qualify for a position or other trade or business must be determined from a consideration of such factors as the requirements of the employer, the applicable law and regulations, and the standards of the profession, trade, or business involved. * * * (ii) The minimum educational requirements for qualification of a particular individual in a position in an educational institution is the minimum level of education (in terms of aggregate college hours or degree) which under the applicable laws or regulations, in effect at the time this individual is first employed in such position, is normally required of an individual initially being employed in such a position. * * * * * *
(3) Qualification for new trade or business↩. (i) The second category of nondeductible educational expenses within the scope of subparagraph (1) of this paragraph are expenditures made by an individual for education which is part of a program of study being pursued by him which will lead to qualifying him in a new trade or business. * * *