STEVEN J. McAULIFFE AND S. CHRISTA McAULIFFE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McAuliffe v. Commissioner
Docket No. 6168-79.
United States Tax Court
T.C. Memo 1980-189; 1980 Tax Ct. Memo LEXIS 396; 40 T.C.M. (CCH) 420; T.C.M. (RIA) 80189; May 28, 1980, Filed Steven J. McAuliffe, pro se. Carolyn M. Parr, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: Respondent determined a deficiency of $495.48 in petitioners' joint Federal income tax for the year 1975. The only issue remaining for decision is whether petitioner Steven J. McAuliffe, an Appellate Defense Attorney in the United States Army, is entitled to deduct as a business expense certain expenditures made by him in 1975 for the study of English literature at the graduate university level. This case was submitted fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of facts and joint exhibits are incorporated herein by this reference. The pertinent facts are summarized below. Steven J. and S. Christa McAuliffe resided in Concord, New *397 Hampshire, when they filed their petition in this case. They filed their joint Federal income tax return for the year 1975 with the Director of the Baltimore District, Internal Revenue Service. During 1975 Steven J. McAuliffe (petitioner) was an Appellate Defense Attorney in the United States Army with the rank of Captain. An Appellate Defense Attorney briefs and argues appropriate cases before the military courts, files applications for deferments of sentences to confinement, files petitions for clemency and writes, edits, and publishes The Advocate, a newsletter to trial defense counsel. Petitioner represented defendants in appealing their cases to the highest courts in the military justice system, including the preparation of legal briefs and oral arguments. During 1975 petitioner attended the following classes at Georgetown University in the English Masters Program: 1. Idea of Dramatic Form 2. Blake, Keats, Coleridge Seminar 3. Victorian Literature--19th Century Novels 4. Plastic Arts of the 19th Century Petitioner incurred and paid the following expenses in connection with the English courses he took at Georgetown University: Tuition
$1,434.00
Books
58.60
Parking
56.00
Transportation
273.90
$1,822.50
*398 The parties agree that the key issue in this case is whether the English courses taken by the petitioner at Georgetown University were proximately related to the maintenance or improvement of his skills as an appellate attorney. [1] Respondent contends that the courses were not so related and has disallowed the petitioner's claimed deduction for the tuition and related expenses. [2]
Section 162 [3] allows a deduction for ordinary and necessary business expenses. Section 1.162-5, Income Tax Regs., provides guidelines for determining those educational expenses which are ordinary and necessary expenses incident to a taxpayer's trade or business. The regulations provide, in pertinent part, as follows: *399 (a) GENERAL RULE. Expenditures made by an individual for education (including research undertaken as part of his educational program) which are not expenditures of a type described in paragraph (b) (2) or (3) of this section are deductible as ordinary and necessary business expenses (even though the education may lead to a degree) if the education-- (1) Maintains or improves skills required by the individual in his employment or other trade or business, or * * *
(b) NONDEDUCTIBLE EDUCATIONAL EXPENDITURES-- (1) IN GENERAL. Educational expenditures described in subparagraphs (2) and (3) of this paragraph are personal expenditures or constitute an inseparable aggregate of personal and capital expenditures and, therefore, are not deductible as ordinary and necessary business expenses even though the education may maintain or improve skills required by the individual in his employment or other trade or business or may meet the express requirements of the individual's employer or of applicable law or regulations. (2) MINIMUM EDUCATIONAL REQUIREMENTS. * * *
(3) QUALIFICATION FOR NEW TRADE OR BUSINESS. * * *
Petitioner argues that the English literature courses *400 he took were appropriate and helpful to him in the practice of law because they improved the writing, speaking and cognitive skills necessary in his profession. To the contrary, respondent contends that the courses taken by petitioner were only designed to increase his general understanding and competency. Based on the stipulated facts in this record, we agree with the respondent. In determining whether expenditures for education are deductible as business expenses under section 162, the crucial factor is that the expenses must bear a direct and proximate relationship to the taxpayer's trade or business. Kornhauser v. United States, 276 U.S. 145, 153 (1928); Carroll v. Commissioner, 51 T.C. 213, 218 (1968) affd. 418 F.2d 91 (7th Cir. 1969); Henry v. Commissioner, 36 T.C. 879, 884 (1961). In our judgment there is an insufficient connection between the specific English literature courses taken by the petitioner and his preparation of legal briefs and the presentation of legal arguements as an appellate attorney. [4] The relationship is simply too remote to make the expenses deductible. In Carroll v. Commissioner, supra, at 218, *401 this Court said: The regulations allow a deduction for education that maintains or improves skills, but what we have in this case is an education designed to increase the petitioner's general understanding and competency. Clearly, there is only a remote relationship between the study of Shakespeare's plays and the petitioner's work as a policeman. If we look at his ultimate goal, rather than at particular courses, there is still lacking the direct and substantial relationship to his skills that justifies a business deducation. [Footnote omitted]. We are unwilling to declare that the study of English literature in its best forms--prose, poetry or drama--bears the sort of proximate relationship to the improvement of an appellate attorney's legal skills to justify the deduction. Accordingly, we hold that the petitioner is not entitled to deduct such educational expenses. To reflect concessions of other issues, Decision will be entered under Rule 155.
Footnotes
1. Respondent has not raised the question of whether the Masters degree in English would constitute a new trade or business and we do not address it. See Mamedalin v. Commissioner, T.C. Memo. 1978-3↩. 2. Respondent agrees that if we hold the tuition expenditures deductible, the related expenditures are also deductible.↩
3. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue, unless otherwise specified.↩
4. None of the English courses taken by petitioner were directly related to the improvement of writing skills, such as creative writing or a study of writing expositions.↩