ALBERT KING WU, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wu v. Commissioner
Docket No. 10622-90
United States Tax Court
T.C. Memo 1991-100; 1991 Tax Ct. Memo LEXIS 119; 61 T.C.M. (CCH) 2088; T.C.M. (RIA) 91100; March 6, 1991, Filed *119 Decision will be entered for the respondent. Albert King Wu, pro se. Guy Glaser, for the respondent. PANUTHOS, Special Trial Judge. PANUTHOS
MEMORANDUM FINDINGS OF FACT AND OPINION This case was assigned pursuant to the provisions of section 7443A of the Code and Rule 180. [1]
Respondent determined deficiencies and additions to tax for the taxable years 1986 and 1987 as follows: Addition
Year
Deficiency
Sec. 6653(a)(1)(A)
Sec. 6653(a)(1)(B)
1986
$   712
$ 36
50% of the interest
due on $ 712
1987
$ 1,159
$ 58
50% of the interest
due on $ 1,159
The issues remaining for decision are: (1) Whether petitioner is entitled to a deduction for expenses incurred in 1986 and 1987 in attending law school. (2) Whether petitioner is entitled to certain Schedule C expenses relating to his real estate *120 business. (3) Whether petitioner is subject to self-employment tax for income received from his real estate activity. (4) Whether the underpayment of tax is due to negligence. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. At the time of filing of the petition herein, petitioner resided in San Jose, California. Petitioner was a licensed real estate broker in the years in issue. Petitioner operated a real estate management business which was operated out of his residence. Petitioner was the sole owner, officer, and employee of two corporations, Wu Realty Corporation and Am Wurtn Capital, Inc. The record is not clear as to what extent the real estate management business was operated through these corporations. [2]
On his 1986 individually filed Federal income tax return (Schedule C), petitioner reported gross receipts of $ 24,666.88. The 1987 return reflected $ 21,678.53 as wages received from petitioner's solely *121 owned corporations. Attached to the 1987 Form 1040 were two Forms W-2 issued by petitioner's solely owned corporations. The Forms W-2 reflected no withholding. The 1987 Schedule C reported gross receipts of $ 4,690. Petitioner started attending an evening program at Peninsula Law School (Peninsula) in January 1985. Commencing in September 1985, petitioner took three courses which were required as part of the curriculum and lasted one academic year. The courses were torts, criminal law, and contracts. Since Peninsula was an unaccredited law school, petitioner was required under rules set forth by the State bar of California to take an examination at the completion of his first year of required courses. The parties referred to this examination as the "baby bar exam." Petitioner took this examination in June 1986 and did not pass. The rules of the State bar provided that an applicant would not receive credit for any law study beyond the first year until the applicant had passed the "baby bar exam" or unless the applicant was otherwise exempted. Petitioner continued to take courses at Peninsula through 1986 and 1987 although he did not receive an exemption. The additional courses *122 included property law, trusts, civil procedure, and other courses. At some later point, petitioner discontinued his attendance at Peninsula without receiving a law degree. Respondent disallowed the expenses claimed by petitioner in attending law school. Petitioner claimed Schedule C expenses relating to his real estate business for 1986 and 1987 which amounts were disallowed in part by respondent as follows: 1986 1987  Disallowed by Disallowed by
Expense
Claimed
Respondent
Claimed
Respondent
Automobile
$ 4,832
$ 2,215
$ 4,077
$   307
Dues & Publications
$ 1,977 **
$ 1,186
$ 3,448 **
$ 2,069
Insurance
$   740
$   380
$ 1,035
$   517
Interest
$ 2,306
$   -0-
$ 2,625
$   303*
Respondent's adjustments were based on the determination that only a portion of the claimed expenses was for business purposes, the remainder being *123 personal and nondeductible. In the notice of deficiency, respondent also determined that the $ 21,678 reported as wages for 1987 should be reclassified as self-employment income and that the proper amount was $ 24,716 in addition to the amount reported on the Schedule C. Respondent also determined a self-employment tax on this income. OPINION Section 162(a) allows as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. With regard to expenses for education, section 1.162-5, Income Tax Regs., outlines the types of education expenses which are deductible and those that are not. Respondent relies upon section 1.162-5(b)(3), Income Tax Regs., which provides that education which is part of a program of study which will lead to qualifying the taxpayer in a new trade or business is nondeductible. We approved these regulations in Weiszmann v. Commissioner, 52 T.C. 1106 (1969), affd. 443 F.2d 29 (9th Cir. 1971). We have uniformly disallowed the expenses of taxpayers attending law school. Weiler v. Commissioner, 54 T.C. 398 (1970); Goldberg v. Commissioner, T.C. Memo 1984-617; *124 Rehe v. Commissioner, T.C. Memo 1980-316. Petitioner argues that the courses he took commencing in September 1986 (after he failed the "baby bar exam") do not constitute education which is part of a program of study which would qualify him for a new trade or profession. Petitioner argues that he could not have received credit for those courses nor could he have qualified to take the bar exam upon completion of those courses without obtaining an exemption which he did not receive. The record does not reveal under what circumstances, if any, petitioner could have received an exemption. It is not entirely clear whether petitioner could have received credit for some of the courses taken in 1986 or 1987. Thus, petitioner has failed to establish that the education would not have qualified him for a new trade or profession. To this extent petitioner has failed in his burden of proof. Rule 142(a). In any event, even if the law school courses would not qualify petitioner for a new trade or profession, petitioner failed to establish that the law school courses directly related to his trade or business of being a real estate broker. Carroll v. Commissioner, 51 T.C. 213, 218 (1968), *125 affd. 418 F.2d 91 (7th Cir. 1969); McAullife v. Commissioner, T.C. Memo 1980-189. In this regard, petitioner failed to adequately identify the courses and failed to specify how the courses he took in 1986 and 1987 related to his work as a real estate agent or broker. Petitioner presented no course descriptions or transcripts and his testimony was vague and ambiguous. Petitioner has failed in his burden of proof to establish that the expenses were ordinary and necessary expenses incurred in carrying on a trade or business. Respondent's determination is accordingly sustained. With respect to the Schedule C deductions, petitioner did not present any records and his testimony was vague. Respondent, after discussions with petitioner during the examination of the returns, allowed petitioner a percentage of the claimed deductions. Based on the information provided, it would appear that respondent's allowances were reasonable. Petitioner has failed to establish he is entitled to any additional deductions beyond that allowed by respondent. Accordingly, respondent's determination is sustained. Neither the notice of deficiency nor respondent's trial *126 memorandum explain the reason for reclassifying the wages reported by petitioner as self-employment income. However, petitioner did not present the corporate returns nor provide an explanation as to the nature of the activity of the corporations or their relationship to petitioner's real estate business. Petitioner failed to present any evidence that he did not receive the amount of income as determined by respondent and failed to establish that the income was not earned as a self-employed individual in the pursuit of his real estate business. [3] As such, he would be subject to self-employment tax under section 1401. Respondent is thus sustained on this issue. Respondent determined that the underpayment of tax for the taxable years in issue was due to negligence. The burden of proof is on petitioner to establish that respondent's determination is not correct. *127 Based upon the adjustments discussed above and petitioner's failure to present any evidence to show that he was not negligent, respondent's determination on this issue is likewise sustained. Bixby v. Commissioner, 58 T.C. 757, 791-791 (1972). To reflect the foregoing, Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code as amended and as in effect for the tax years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The corporate returns were not made part of the record.↩
**. A portion of these expenses include the cost of books for law school.↩
*. The amount disallowed on Schedule C was allowed as an itemized deduction.↩
3. The record does not reveal whether respondent relies on sec. 3508 or whether petitioner should be considered a "qualified real estate agent" under sec. 3508.↩