GEORGE B. WENDELL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 18093.   Promulgated February 9, 1949.

*Erwin Bruce Hallett, Esq.*, for the petitioner.
*Stephen P. Cadden, Esq.*, for the respondent.

OPINION.

VAN FOSSAN, *Judge*: Respondent determined a deficiency of $383.06 in income tax for the year 1944. The sole question is the allowability as a medical deduction of salary paid to practical nurses for care of petitioner's infant son, whose mother died in childbirth.

The case arises under the following facts:

Petitioner is an individual and resident of Westfield, New Jersey. He filed his income tax return for the calendar year 1944 with the collector of internal revenue for the second district of New York. Petitioner was vice president and assistant general manager of Wheatena Corporation.

Petitioner's wife died in childbirth, leaving her surviving a child of her marriage to petitioner. The infant, George B. Wendell, Jr., was born April 20, 1943.

During 1944 petitioner employed various practical nurses to care for his child, their names having been obtained from a list given petitioner by a physician. The duties of the nurse were to look after the child, having exclusive care of him, sleep in the room with him, and be with him at all times except during her time off. She did no housework. In some instances the nurse ate with the family and in other instances she did not. The cooking and general housework were done by a maid. The petitioner's household consisted of himself, the infant, his mother-in-law (who was hard of hearing), the maid, and the practical nurse.

The child was a normal child in all respects, had no physical or mental defects and suffered no serious or particular illnesses in 1944.

When the nurse was off duty, the child was cared for by petitioner or by its grandmother or by the maid. A doctor employed by petitioner for professional services to petitioner expressed the professional opinion that, in the premises, hiring a practical nurse was a reasonable and prudent provision, but not indispensable. In his tax return for 1944 petitioner listed $1,665.99 as medical and dental expense, including $1,415 spent for practical nurses to care for the child. Petitioner claimed a deduction of $832.75 under favor of section 23 (x), Internal Revenue Code. Respondent disallowed the deduction.

It is axiomatic that deductions from income are a matter of legislative grace and that, to qualify, a taxpayer must demonstrate that his claimed deduction clearly comes within the legislative intent. To ascertain whether the expenditures in the present case fall within the statute, we must examine the enabling act. Section 22 (x) states the provision first in general terms, i. e., "expenses paid * * * for medical care," and then by way of definition, by illustrative examples, viz., "amounts paid for the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body (including amounts paid for accident or health insurance)."

In this case we have a normally healthy child, without physical or mental defect. The conditions surrounding the child were unusual in the fact that the mother died in childbirth. The father, solicitous for his son's welfare, consulted a doctor as to a suitable person to live with and care for the child. He might conceivably have hired an experienced nursemaid or a woman who had raised children of her own. He, however, elected to hire a practical nurse. Had he hired a nursemaid, the salary paid would not have been deductible as an ordinary and necessary expense, see *Henry C. Smith*, 40 B. T. A. 1038; aff'd. per curiam, 113 Fed. (2d) 114, nor would it, under the rationale of that case, have qualified as a medical deduction. Equally so had he hired a competent woman who had raised children of her own, although conceivably she might have been equally as efficient and capable in caring for the child as a practical nurse. Does the fact that the petitioner chose to hire a practical nurse make a basal difference? We are unable so to hold.

Under the facts here present, the money here paid as salary for the nurses does not qualify as being paid for the diagnosis of disease nor its cure or mitigation or treatment. It can be said to have been paid for the prevention of disease only in the same way that the provision

of adequate food or adequate sleep or sufficient clothing are all preventives of disease. But by no stretch of the imagination could we hold that in the case of a normal child such provisions were "medical care * * * for * * * the prevention of disease." Had the mother lived, presumably she would have furnished the usual care for the child, it being always remembered that the son was a normal child without mental or physical defect. Absent special circumstances of illness, accident, or physical or mental defects, the care of a child is a normal, personal, and parental duty. See *Mildred A. O'Conner*, 6 T. C. 323.

The issue turns on the nature of the services rendered, not on the experience or qualifications or title of the person employed. If the services are of such character as to fall under one of the special examples of medical care, or are, by the doctrine of *nocitur a sociis*, of similar, though not specially mentioned, nature, they are deductible.

The respondent does not question sums paid for doctors' services and medical supplies and health and accident insurance. He disallowed only the salary paid to the nurses. We affirm the respondent. The sum so paid can not be classified as medical expense within the intendment of the statute.

*Decision will be entered for the respondent.*