Edward and Mary Hauser v. Commissioner.
Hauser v. Commissioner
Docket No. 17275.
United States Tax Court
1949 Tax Ct. Memo LEXIS 202; 8 T.C.M. (CCH) 384; T.C.M. (RIA) 49096; April 28, 1949
Edward and Mary Hauser, pro se. Rigmor Carlsen, Esq., for the respondent. KERN Memorandum Findings of Fact and Opinion Respondent determined a deficiency in petitioners' income tax for the year 1945 in the amount of $215.44. Only part of the deficiency is questioned. Petitioners having conceded certain adjustments made by respondent, the sole question presented is whether they are entitled to a deduction for expenses incurred for the day-care of their infant son while they were both employed. Findings of Fact During 1945 petitioners, who are husband and wife, were residents of Astoria, Long Island, New York, and filed their joint tax return for that year with the collector for the second district of New York. Hereinafter, Mary *203 Hauser will be referred to as petitioner. In 1945, both petitioner and her husband were employed and, as a result, it became necessary that arrangements be made for the care of their son, Robert, who was born in October, 1942. During 1942 and a part of 1943 petitioner's husband served in the United States Army, and was unable to furnish adequate support to petitioner and the child. Petitioner secured employment in 1945 in order to obtain funds with which to repay loans, which she had previously been forced to borrow from friends and relatives. The loans were used generally to pay off medical bills, incurred in earlier years as a result of petitioner's and her son's many severe illnesses. These medical bills had all been paid prior to 1945. For the first five months of 1945, while petitioner was working, the child was cared for by petitioner's sister-in-law, to whom a payment of $10 weekly was made for such services. From June 1 until the end of the year, the child was placed in the Jack Horner Day Nursery, for which petitioner contracted to pay, and did pay, the sum of $50 per month. Efforts to place the child in a free nursery were unsuccessful because no vacancies existed at *204 the time. On their tax return, petitioners claimed a deduction of $590, describing it generally as an expenditure for the care of the child while the mother worked. In addition to this deduction, which respondent has disallowed, petitioners claimed and they allowed a deduction for medical and dental expenses. Opinion KERN, Judge: Laudatory as petitioner's motives and purposes were in seeking and securing the employment in 1945, which necessitated the expenditures for the day-care placement of her son, they unfortunately can have no substantive effect on the issue presented to us. The precise issue has been presented to this Court on previous occasions, and it has been held that expenditures such as those made by petitioner and here in issue are personal expenses, and hence non-deductible under section 24 (a) (1) of the Internal Revenue Code. Henry C. Smith, et al., 40 B.T.A. 1058, affd. per curiam, (CCA-2), 113 Fed. (2d) 114; Mildred A. O'Connor, 6 T.C. 323. See also Robert S. Seese, 7 T.C. 925. Petitioners do not claim these particular expenditures to be medical expenses; and, of course, they were not. Cf. George B. Wendell, 12 T.C. 161 *205 (February 9, 1949.) Petitioners' argument that there is double taxation unwarranted by law because both they and the nursery are required to pay an income tax on the amounts earned by petitioner Mary and expended for the care of their child is based upon a misconception of the taxation of income under the 16th Amendment of the Constitution and the Internal Revenue Code. The fact that a part of the income earned by and taxable to petitioner Mary is paid by her to the Jack Horner Day Nursery, in return for services rendered by it in the case of petitioner's child, and is consequently taxable income to the Nursery, does not result in double taxation of the same income; it is the proper taxation of the income of two separate taxpayers. That petitioners make an argument based on this misconception is due to the fact that they are not lawyers, and have not had the benefit of legal advice in this proceeding. Moved as we may be by petitioners' appeal, on brief, for equitable consideration by this Court, we are circumscribed in our jurisdiction by the Internal Revenue Code, which, in situations such as this, does not permit the application of general equitable principles. Cf. Commissioner v. Gooch Milling & Elevator Co., 320 U.S. 418. *206 Decision will be entered for the respondent.