Eugene H. Lorenz v. Commissioner.
Eugene H. Lorenz v. Commissioner
Docket No. 17811.
United States Tax Court
1949 Tax Ct. Memo LEXIS 100; 8 T.C.M. (CCH) 720; T.C.M. (RIA) 49199; August 25, 1949
*100 On the facts, held: amounts expended for entertainment, for initiation fees, dues and expenses of club membership, and for maid and "baby-sitters" caring for petitioner's children while his wife worked in his office are not deductible under section 23 (a), Internal Revenue Code, as ordinary and necessary expenses of petitioner's business. Engene H. Lorenz, 3938 Livingston St., N. W., Washington, D.C., pro se. E. M. Woolf, Esq., and S. M. Stoddard, Esq., for the respondent. ARNOLD Memorandum Findings of Fact and Opinion ARNOLD, Judge: Respondent determined income tax deficiencies against petitioner for the calendar years 1943, 1944, 1945 and 1946 in the respective amounts of $197.45, $330.05, $554.81 and $1,288.96. Respondent concedes that the District of Columbia dog tax of $2 in 1943, and other taxes in the amounts of $108.55 in 1944, $115.39 in 1945, and $179.43 in 1946, deducted by petitioner in his returns for those years were properly deducted and that a total of $2,827.15 was expended for office expense, office supplies and general expense in 1946. Petitioner concedes the correctness of respondent's allowance for use of automobile of $205.95 in 1944, $219.89 in 1945 and $217.85 in 1946. The only questions remaining for our consideration are - Did the Commissioner properly disallow as ordinary and necessary business expenses (1) deductions claimed on account of expenditures for "entertainment" *102 in petitioner's tax returns for the years 1944, 1945 and 1946, and (2) deductions claimed in his tax returns for the years 1942, 1943, 1944, 1945 and 1946 on account of "nursemaid" and "baby-sitting" services. The case was submitted on oral testimony and exhibits from which we make the following Findings of Fact Petitioner is a certified public accountant and attorney-at-law, with offices in the Investment Building, Washington, D.C. He filed his income tax returns for all the years involved with the collector of internal revenue at Baltimore, Maryland. During the taxable years he was married and living with his wife, Alma L. Lorenz, and their two children, aged six and ten, in 1942. He deducted $350 for entertainment expenses in his 1944 return. He had frequent bridge parties, and entertained clients and friends in his home. The greater part of the expense was in connection with lunches and occasional dinners down town with either in-town or out-of-town clients. At times he would take lunch with clients and at other times they would take lunch with him. He generally treated a client who had treated him. About 40 per cent of this expense deduction was for entertainment in his *103 own home for clients and friends. He kept no records of the amount expended and decided the amount deducted in his 1944 return would be a minimum amount expended for such purpose. Petitioner deducted $415.40 for entertainment expenses in his 1945 return. This entertainment expense was confined to one party in his home. About 18 or 20 people were present, composed of clients, prospective clients, office employees and some of his family. This item was broken down as follows: Orchestra $225, Potables $114.29, Maid Service $18, Bartender $10, Flowers $8, Sandwiches $12, Food $12, Punch $2, Uniforms $6.25, Glasses $7.30 and Ice 45 cents. Petitioner deducted $445.88 for entertainment expenses in his 1946 return. He paid the Congressional County Club sums amounting to $557.35. He estimated that 80 per cent of that amount was entertainment expense. It included initiation fee, $360; annual dues, $93.75; bar bill, dinners, etc., $103.60. He considered these expenses business expenses because a number of his clients were members of the Club, and it created the possibility of meeting new clients. He took clients to the Club on an average of once a month through 1946, and averaged something *104 less than twice a week in use of the Club unaccompanied by a client. Petitioner deducted in his income tax returns for the years 1942, 1943, 1944, 1945 and 1946 the cost of hiring a maid and baby-sitter to care for petitioner's and wife's two minor children at his residence while his wife was away from home and engaged in the performance of her duties as petitioner's secretary in his office. The amounts deducted in the respective years were: $443.75, $630.12, $651.98, $890.58 and $1,101. The Commissioner disallowed these deductions, holding them to be personal expenses and not deductible for income tax purposes. Petitioner explained the deduction for maid service in each of the returns as, cost of maid service at home to enable his wife to work as secretary in his office. No separate return was filed by his wife. He paid his wife no salary for her secretarial services. Payments for the services of maid and babysitter were solely for such services and were not in lieu of compensation for the wife's secretarial services. Opinion Petitioner contends that the payments of $350 in 1944, $415.40 in 1945, and $445.88 in 1946 claimed as deductions for entertainment expenses in the respective *105 years are ordinary and necessary expenses paid during the taxable years in carrying on his business as an accountant and attorney-at-law and are deductible under section 23 (a) (1) (A), Internal Revenue Code. Respondent disallowed the deductions. The burden of proof rests upon the petitioner to show that the expenditures so made were ordinary and necessary business expenses of carrying on his business during the respective years. What constitute ordinary and necessary expenses in carrying on a trade or business turns upon the facts of each particular case. This burden is not met by simply showing expenditures were made for entertainment purposes. Proof is required that the purpose of the expenditure was primarily business rather than social or personal, and that the business in which taxpayer is engaged benefited or was intended to benefit thereby. Louis Boehm, 35 BTA 1106. Petitioner kept no record of the amounts expended in entertaining others. His estimates were not corroborated in any way. The Commissioner has had no way of investigating or checking them. It is not shown to what extent they included the cost of petitioner's own meals and entertainment *106 which would not, if separable, be deductible under any circumstances. On brief petitioner asks us to take judicial notice that it is advisable from a business viewpoint for one engaged in the practice of law and accountancy to entertain clients from time to time. This we cannot do. He says that he cannot point to the acquisition of any client during the years in question as the result of entertaining, that he cannot state that any client was retained because of such entertaining, and that his motive for entertaining clients was, in his opinion, a business matter per se. The claimed deductions for entertainment expenses in his returns for 1944, 1945 and 1946 must all be denied for failure of proof. Entertaining, club dues, and luncheons are ordinarily personal expenses, the deduction of which is forbidden by section 24 (a), Internal Revenue Code. From the record before us we are unable to say the payments in this case constituted any part of the ordinary and necessary expenses of carrying on petitioner's business in the respective years. Louis Boehm, supra, and George H. Gann, 41 BTA 388. There is no such detailed evidence here as *107 to the purpose of the expenditures as in Blackmer v. Commissioner, 70 Fed. (2d) 255, reversing BTA Memorandum Opinion. Nor does the evidence give us any basis from which we can make an allocation under Cohan v. Commissioner, 39 Fed. (2d) 540. Petitioner's claim for deductions for amounts paid for nursemaid and baby-sitter for his minor children must likewise be denied. He paid his wife no salary for her services as his secretary and she received none. The amounts paid the nursemaid and baby-sitter were for the services performed by them in doing the work they were hired to do, and were not amounts paid the wife for secretarial services. Petitioner argues that since the employment of a maid and baby-sitter to look after the children was necessary to enable the wife to perform the services of secretary in his office and the wife being paid no salary, the amounts paid the nursemaid and baby-sitter for care of the minor children were equivalent to payment of the wife for her secretarial services. With this argument we do not agree. In Mildred A. O'Connor, 6 T.C. 323, a school teacher, whose husband was also employed, was denied a deduction for amounts *108 expended for nurse hire for her two minor children on the ground that such expenditure was not an ordinary and necessary expense in carrying on a trade or business, under section 23 (a) (1), Internal Revenue Code, or as a non-trade or non-business expense incurred for the production of income under section 23 (a) (2), Internal Revenue Code. It was held to be a personal expense and not deductible under section 24 (a) (1), Internal Revenue Code. The O'Connor case, supra, cited and relied upon the case of Henry C. and Lillie M. Wright Smith, 40 BTA 1038, affirmed 113 Fed. (2d) 114, without opinion. Petitioner argues that the cited cases are not controlling here. We think they are. They both hold that the expense of the care of minor children under similar circumstances is a personal expense within the meaning of section 24 (a) (1), Internal Revenue Code. The basic personal character of such an expense is not changed or lost notwithstanding it may in some indirect way facilitate petitioner's trade or business. Decision will be entered under Rule 50.